## Charles T. Schueler and Alvina Schueler v. Joseph Mueller.

96    203
r193s  402
96    203
r193s  402

1. PLEADING—*Defects Cured by the Verdict.*—Where there is any defect, imperfection or omission in any pleading, whether in substance or in form, which would have been a fatal objection upon demurrer, if an issue is joined upon it which necessarily requires a trial, proof of the facts so defectively or imperfectly stated or omitted, without which it is not to be presumed that either the judge would direct or the jury would have given a verdict, such defect, imperfection or omission is cured by the verdict.

Trespass on the Case, for personal injuries. Appeal from the Superior Court of Cook County; the Hon. JOSEPH E. GARY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1900. Affirmed. Opinion filed July 23, 1901.

JOHN W. WALSH, attorney for appellants.

C. M. HARDY, attorney for appellee.

MR. JUSTICE FREEMAN delivered the opinion of the court.

This is an action on the case for personal injuries. Appellee sued the city of Chicago, together with appellants, to recover for injuries alleged to have been caused by falling into a trap door on the sidewalk. Subsequently the suit was dismissed as to the city, and default was taken against appellants, who did not appear. When the cause was reached upon the regular trial calendar, at the February term, 1900, the question of damages was submitted to a jury and a verdict was returned against appellants for $1,720, upon which judgment was entered. Before the end of that term, appellants appeared and moved the court to

set aside and vacate the judgment against them.    This motion the court denied, whereupon this appeal was prayed and allowed.

The single question presented for consideration as stated by appellant's attorney is, " Does the declaration set forth a cause of action against the said Charles T. Schueler and Alvina Schueler or either of them ? "

The answer to that question must be that the declaration is defective, in that it fails to properly state the facts out of which the law would imply the duty, which it is averred the appellants neglected and failed to perform.

Briefly stated, the declaration complains of appellants and the city of Chicago, and alleges that the city was using, occupying and controlling the street for passage of the public thereon, and that by reason thereof it became the duty of the city and appellants to exercise ordinary care and caution to maintain the street and sidewalk in a reasonably safe condition.    How it became appellants' duty to do this is not averred.    But it is charged that the said defendants, viz., appellants and the city, in violation of said duty carelessly and negligently " caused and permitted " a certain board sidewalk and trap door therein, then being upon said street " in front of the property and premises then and there used and occupied by the said defendants, Charles T. Schueler and Alvina Schueler " to become broken, displaced, unguarded and unsafe, whereby appellee, while exercising due and lawful care and caution for his own safety, was injured.    It is evident that there is a failure here to state any facts which explain how and why it was the duty of the Schuelers to care for and guard the sidewalk which the declaration states was owned and controlled by the city; nor does it state any facts showing how or in what way said appellants were guilty of negligence in performance of said alleged duty or failure to perform it.    As to the appellants, in other words, there is a bare statement of the existence of a duty on their part to care for a sidewalk belonging to and controlled by the city and a bare charge of negligence in its performance, without a single fact being stated from

which such duty can be legally implied.   It is, however, averred that said appellants, together with the city, "caused and permitted" the trap door in the sidewalk to be unguarded.   But there could be no negligence in "permitting" what there was no duty on their part to prevent so far as the declaration shows; and the charge of "permitting" amounts only to a charge of neglect of a duty not shown to exist.   The averment that appellants "caused" the unsafe condition of the walk without any statement as to how they caused it, is a mere statement on the part of the pleader of a conclusion unsupported by facts.   We agree with appellant's counsel, therefore, that the declaration is defective, as a statement of a cause of action.

But there was a verdict of a jury, and it is well settled that certain defects in a declaration are cured by a verdict. In C. & E. I. R. R. Co. v. Hines, 132 Ill. 161 (166), it is said :   "Where there is any defect, imperfection or omission in any pleading, whether in substance or in form, which would have been a fatal objection upon demurrer, yet if the issue joined be such as necessarily required a trial, proof of the facts so defectively or imperfectly stated or omitted, and without which it is not to be presumed that either the judge would direct the jury to give or the jury would have given the verdict, such defect, imperfection or omission is cured by the verdict."   See also, B. & O. S. W. Co. v. Keck, 185 Ill. 400 (402).   In the present case there is an averment that appellants "caused" the defect, and it is stated that the sidewalk in question was "in front of the property and premises then used and occupied" by appellants.   A statement that they were in possession and control of the premises abutting on the sidewalk, and being so in control caused the defect whereby appellee was injured, is, we think, a statement of a cause of action.   The cause is without doubt defectively stated, but a defective statement of a cause of action is cured by verdict.   Shreffler v. Nadelhoffer, 133 Ill. 536 (549).   It must be presumed that the proof was properly made of facts necessary to sustain the verdict.

The judgment of the Superior Court must be affirmed.