## Chicago, Lake Shore & Eastern Railway Company v. Michael McAndrews.

### Gen. No. 12,099.

1. NEW CAUSE OF ACTION—*when amended declaration sets up.* Where the original declaration did not set up facts showing the duty of the defendant to do the thing or things the omission of which is alleged as negligence, an amended declaration which supplies such facts sets up a new cause of action.

2. DECLARATION—*when insufficient to sustain judgment.* A declaration which does not state a cause of action is insufficient to sustain a judgment.

· BAKER, J., dissenting.

Action on the case for personal injuries. Appeal from the Superior Court of Cook County; the Hon. HENRY B. WILLIS, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1904. Reversed and remanded. Opinion filed January 12, 1906. February 9, 1906, on motion of appellee, order and judgment of reversal and remandment vacated and judgment reversed; demurrer to plea of Statute of Limitations overruled; appellee stands by demurrer and judgment here on plea.

**Statement by the Court.** This is an action in which appellee recovered a judgment for personal injuries. He was at the time employed by the Illinois Steel Company at its plant in South Chicago and was sent to get wood from a car, one of eight which were standing together alongside of certain so-called "spiegel" bins. The side of these bins nearest to the track was about four and a half feet high and a plank was fastened along its top wide enough for men to stand on. Appellee had a "buggy" in which to load the wood to be taken from the car. This he placed in convenient position within an empty bin, and got up on the side of the bin next to one end of the last or eighth car of those standing there, from which car he was proposing to obtain the wood. Without looking, it is said, in either direction he stepped from the bin to the corner of the seventh car, the car next to the one which contained the wood. Just as he did so the line of eight cars upon one of which he stepped was struck by another line of eight cars pushed against them on the same track by an engine apparently engaged in switching. The jar of the collision threw appellee from the car, which ran over his leg inflicting the injuries complained of. The eight cars upon one of which appellee was standing at the moment of the collision were all flat or gondola cars which it is claimed formed no obstruction to the vision.

KNAPP, HAYNIE & CAMPBELL, for appellant.

JAMES C. McSHANE, for appellee.

MR. JUSTICE FREEMAN delivered the opinion of the court.

Appellant's attorneys urge that the judgment should be reversed on the ground that the trial court erred in sustaining appellee's demurrer to pleas setting up the Statute of Limitations to certain additional counts of the declaration filed more than two years after the accident. In support of this contention it is insisted that the original declaration stated no cause of action in that it did not charge the existence of any duty on the part of appellant not to shove cars against those upon one of which appellee was standing with-

out giving him notice or warning, that it alleged no facts tending to show that appellant owed appellee any duty in this respect, that if appellant owed any such duty it could only be because it knew or should have known that failure to give such warning would endanger appellee and that no such averment is made nor facts stated in the declaration which would support such averment. It is said therefore that the original declaration stating no cause of action, a cause of action stated in the additional counts, if any there be, is a statement of a new cause of action which having been filed more than two years after the accident must be deemed obnoxious to the Statute of Limitations.

The original count in question sets forth that appellee was employed by the Illinois Steel Company at its plant in South Chicago, at which plant were certain railroad tracks, and that "while he was upon and about to unload a certain car standing upon one of said tracks, and while as he alleges, he was exercising ordinary care and caution for his own safety, the defendant, Chicago, Lake Shore & Eastern Railway Company through certain of its servants in that behalf then and there recklessly, negligently and without giving the plaintiff any warning, shoved certain other cars against the said car upon which the plaintiff was standing as aforesaid and the plaintiff was thereby then and there knocked down upon said track, and a certain car then and there passed over his leg," etc. It is apparent that this declaration does not aver nor set up facts tending to show that appellant or its servants knew or in the exercise of due care should or could have known that appellee was or might be upon the car from which he was thrown by the jar of the collision. Nor are any facts stated from which it might be inferred that appellee had any reason or right to expect any notice or warning that appellant was about to switch cars on that track against the line of cars upon one of which he was standing. If such facts had been averred in the declaration, the law would doubtless raise from them a duty on the part of appellant to give appellee warning. Appellant insists that for aught that appears in the appellee's declaration it was not

under obligation to give appellee warning. There is no averment of facts upon which the charge of negligence in failing to give warning is based. It is merely alleged that appellant "recklessly, negligently and without giving the defendant any warning shoved" certain cars against that upon which appellee was standing. Doubtless, as appellant insists, the rule is well established that a declaration in such a case should state facts from which the law raises a duty, and unless the duty results from facts stated, the declaration will be bad. Mackey v. Northern Milling Co., 210 Ill., 115–117, and authorities there cited. See also authorities cited in same case 99 Ill. App., 57, p. 60. In the Mackey case, *supra,* it is said: "In the absence of averments showing that appellee owed Mackey some duty which was violated, and because of such violation said Mackey was injured while in the exercise of due care, the declaration must be held not to state a cause of action." In Schueler v. Mueller, 193 Ill., 402–403, it is said: "There is a total failure to state any facts which explain how and why it was the duty of appellants to care for and guard the trap door in the sidewalk which it is averred was owned and controlled by the city. The averments contained in the declaration as to the duty of appellants are mere conclusions of law which are not traversible. It is not sufficient in a declaration to allege generally the duty of the defendant but the pleader must state facts from which the law will raise a duty and show an omission of the duty and a resulting injury. (Citing authorities.) The declaration was therefore substantially defective." It is further held in the same case (p. 404) that the defects in the declaration being "clearly matters of substance" were not cured by the Statute of Amendments and Jeofails; "Nor," it is said, "were they cured by verdict. Where the declaration and the issue joined upon it do not fairly impose the duty on the plaintiff to prove the omitted fact, the omission will not be cured by verdict as 'nothing will be presumed after verdict but what must have been necessarily proved under the averments of the declaration.'" (Citing

Joliet Steel Co. v. Shields, 134 Ill., 209; Wright v. Bennett, 3 Scam., 258–259.)

We have made these quotations at length in view of the argument of appellee's attorney contending for the sufficiency of this original declaration under consideration. That contention is that "the original declaration states a cause of action sufficient at least after verdict and judgment." It is conceded that the question is properly raised both by the motion in arrest of judgment which was overruled and by the refusal of an instruction to disregard the original declaration. It is insisted that the declaration is not so defective that it will not sustain the verdict and judgment. The general rule is said to be that "where there is any defect, imperfection or omission in any pleading whether in substance or form which would have been a fatal objection upon demurrer, yet if the issue joined be such as necessarily required on the trial proof of the facts so defectively or imperfectly stated or omitted and without which it is not to be presumed the judge would direct the jury to give or the jury would have given a verdict, such imperfection or omission is cured by verdict." Keegan v. Kinnare, 123 Ill., 280–292. It has further been said that the intendment in such cases arises from the joint effect of the verdict and the issue upon which it was given and that if the declaration contains terms sufficiently general to comprehend by fair and reasonable intendment any matter necessary to be proved without proof of which the jury could not have given the verdict, the want of an express statement of it in the declaration is cured by the verdict. C. & A. R. Co. v. Clausen, 173 Ill., 104. It appears therefore that after verdict even if some matter of substance as well as form is omitted from a declaration, such omission will not arrest a judgment if without proving it at the trial plaintiff could not have had a verdict, provided the declaration contains terms sufficient to raise an issue requiring such matter to be proved and is in its terms sufficiently general to comprehend it with fair and reasonable intendment. If facts are stated from which a good cause of action may be implied there is no room for

intendments.   Otherwise, on motion in arrest, the court will intend that every material fact alleged in the declaration or fairly and reasonably inferable from what is alleged was proved on the trial.   See Penn. Co. v. Ellett, 132 Ill., 654, and vol. 1, page 673, Chitty on Plead.   It must be borne in mind, however, that the verdict does not cure such a defective declaration, nor will the court presume that facts defectively or imperfectly stated or omitted without proof of which the plaintiff could not have a verdict were properly permitted to be proved at the trial, unless the issue actually joined is such as necessarily required proof of such facts, nor unless the declaration does contain terms sufficiently general to comprehend such matter by fair and reasonable intendment and permit such proof.   In other words as stated in Schueler v. Mueller (193 Ill. on p. 404), *supra:* " Nothing will be presumed after verdict but what must have been necessarily proved under the averments of the declaration." The proof, the presumptions and the intendments in favor of a declaration after verdict are still to be regulated by the averments of the declaration.

In the case at bar appellee's attorney insists that the declaration alleges the ultimate fact of negligence, and it is asserted to be "inferable from what is alleged that defendant had express or implied knowledge of the plaintiff's presence upon the car."   It is said that the declaration shows the defendant guilty of negligence, that while negligence may be inferred from a neglect of duty, nevertheless negligence and not duty is the gist of the action, that if the declaration charged defendant knew or should have known that appellee was on the car at the time, these facts would have been but evidentiary facts whose purpose would have been to show the ultimate fact, and that on motion in arrest of judgment the declaration should be construed therefore "as though it contained the express allegation that defendant knew or should have known that the plaintiff or some other person was or might be upon the car at the time and place in question."   There is plausibility and ingenuity in this argument, but it is not convincing.   The recklessness and negligence

charged consisted according to the averment in not "giving the plaintiff any warning." No facts are stated tending to show any other negligence whatever, nor anything implying or from which it can be inferred that appellant was under any obligation or duty to give him any warning. Appellee's contention is, we are forced to conclude, in conflict with the elementary rule of pleading, that facts and not mere conclusions of law are to be pleaded. In Schueler v. Mueller, 193 Ill., 402, before referred to, the declaration as in the case at bar charged negligence. It appears from the opinion of the Appellate Court in that case (96 Ill. App., 203, on p. 204) that the defendants "carelessly and negligently caused and permitted" the conditions in consequence of which the plaintiff was injured. Yet the Supreme Court held that the declaration was so defective for want of a statement of facts relied on to constitute negligence, that it could not be cured by verdict, reversing the Appellate Court which had held otherwise. In Chicago City Ry. Co. v. Jennings, 157 Ill., 274, it is said (p. 277): "In other words, it is not only a rule of pleading, that the statement of facts must not be so general as to admit of almost any proof to sustain it, but it is also a 'familiar rule of pleading, which forbids alleging the evidence.' The two rules should be harmonized and the two extremes which they respectively define should be avoided. (J. M. & I. R. R. Co. v. Dunlap, 29 Ind., 426.) The facts must be set forth with certainty, that is to say, there must be 'a clear and distinct statement of the facts which constitute the cause of action or ground of defense, so that they may be understood by the party who is to answer them, by the jury who are to ascertain the truth of the allegations, and by the court which is to give judgment.' (1 Chitty on Plead., page 233.)" In that case it was held that the declaration sufficiently fulfilled these requirements. In the case at bar this is not we think the case. We are of the opinion that an averment that a defendant negligently shoved its cars over its road running into or over a plaintiff in plain view on its tracks would perhaps sufficiently state a fact upon which a charge of negligence could be predicated. (See Jennings case, *supra,*

p. 279.)   In such case, that the defendant knew or ought to have known of the plaintiff's presence on the track might be fairly inferable from the facts alleged and the declaration be good perhaps before as well as after verdict.   But we are unable to find in the case at bar any statement of facts from which knowledge of plaintiff's presence could be inferred or which constitutes a cause of action.   The averment rather, seems to us subject to the criticism above quoted, that the statement of fact is "so general as to admit of almost any proof to sustain it."   It fails to suggest so far as we can discover that appellant knew or by reasonable care might have known of appellant's presence on the car.   See Sargent Co. v. Baublis, 215 Ill., 431, *et seq.,* where the statement of facts though defective was much fuller than in the case at bar, and was held sufficient.

If we are correct in the view that the declaration is so defective in this respect as not to be cured by verdict, it is unnecessary to consider it in other respects.   It may for the purpose of the argument be considered that it sufficiently shows that appellee was employed by the Steel Company at or in the latter's own plant, that the track upon which he was hurt was "at" the plant, "at" being defined in Webster's dictionary as meaning "in or near," that he was about to unload a car on said track and even that he was about to do this as an employee of the Steel Company in the course of his employment (which is not averred), and was therefore lawfully upon the car; all these averments would not make out a statement of facts from which appellant's knowledge of his presence there can fairly be inferred, nor tend to show actual, constructive or implied knowledge of such presence, or any duty owed him by appellant.   "To sustain a verdict for negligence the plaintiff must have suffered a legal injury whereof he is entitled to complain.   Therefore, however great the defendant's negligence, if it was committed without violating any duty which he owed either directly to the plaintiff or to the public in a matter whereof he had the right to avail himself   *   *   *   there is nothing which the law will redress."   Bishop on Non-contract Law, par. 446.

It is further urged that even if the original declaration was insufficient to support the judgment, still it set up enough of the cause of action to show that the additional count was but a restatement of the cause of action defectively stated. The rule is that where any essential element in a cause of action is omitted so that the declaration states no cause of action, an amendment which does state a cause of action is in effect the commencement of a new suit, and when filed after the time limited by the statute is barred and is obnoxious to the plea of the statute. Mackey v. Northern Milling Co., 210 Ill., 115–121; Foster v. St. Luke's Hospital, 191 Ill., 94–95.

For the reasons indicated we are compelled to the conclusion that the trial court erred in sustaining plaintiff's demurrer to defendant's pleas setting up the statute of limitations and that the judgment of the Superior Court must be reversed and the cause remanded.

*Reversed and remanded.*

MR. JUSTICE BAKER, dissenting.

NOTE: February 9, 1906, on motion of appellee, order and judgment of reversal and remandment vacated and judgment reversed; demurrer to plea of Statute of Limitations overruled; appellee stands by demurrer and judgment here on plea.