# Supreme Lodge Knights & Ladies of Honor v. Johanna Benes.

## Gen. No. 13,207.

1. REPLICATION—*what essential to sufficient.* A replication must either, first, present matter of estoppel to the plea, or, second, must traverse, or third, confess and avoid the matter pleaded by the defendant.

2. REPLICATION—*form of, relying upon estoppel.* A replication which relies upon estoppel as a defense to the plea of the defendant should commence not with *precludi non*, that is to say, that the

plaintiff by anything in the plea alleged ought not to be barred from having his action against the defendant, etc., but should allege that the defendant ought not to be admitted or received to plead the plea by him pleaded because, etc.

3. REPLICATION—*how artificiality in, should be availed of.* Artificiality in a replication to be availed of must be made the subject of special demurrer.

4. ESTOPPEL—*who cannot avail of defense of.* A stranger to the subject-matter made the basis of a claim of estoppel cannot avail thereof.

5. FRATERNAL BENEFIT SOCIETY—*when by-laws of, form part of insurance contract.* By-laws existing at the time of the issuance of a certificate from a part of the contract of insurance between the member and the society.

6. FRATERNAL BENEFIT SOCIETY—*presumption as to knowledge of by-laws of.* A member joining a fraternal benefit society is presumed to know the by-laws existing at the time of his becoming a member and the beneficiary named in the certificate is not entitled to rely upon alleged fraudulent representations as to what such by-laws contain or did not contain.

Assumpsit. Appeal from the Superior Court of Cook county; the Hon. AXEL CHYTRAUS, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1906. Reversed and remanded. Opinion filed July 9, 1907.

ASHCRAFT & ASHCRAFT, for appellant; E. M. ASHCRAFT, of counsel.

CHARLES D. LUSK, for appellee; DEWITT C. JONES, of counsel.

MR. JUSTICE BAKER delivered the opinion of the court.

In an action of assumpsit the defendant's demurrer to plaintiff's third replication to defendant's plea was overruled. Plaintiff then withdrew her other replications, the defendant stood by its demurrer and final judgment was entered for plaintiff for $1,046.76 and defendant appealed.

The first count of the declaration averred that defendant was a corporation organized under the laws of Indiana and doing business in Illinois as a fraternal

benefit society, for the purpose of furnishing pecuniary benefits to beneficiaries of deceased, and as such corporation November 25, 1904, made and executed, in accordance with the laws of said order, a benefit certificate to John Benes, the husband of the plaintiff, who was then a member of a certain lodge of said defendant; that it was in said certificate, among other things, provided that on condition that while said John Benes being a participant in the Relief Fund he shall strictly comply with all the laws, rules and requirements relating to said Relief Fund, together with the laws in general of the Knights and Ladies of Honor then in force or that should thereafter be enacted by said Order, the said defendant thereby then and there undertook and promised to pay to his then wife, the plaintiff Johanna Benes, $1,000 upon the death of said John Benes; that John Benes died May 28, 1905, that he while being a participant in the Relief Fund complied with all the laws, rules and requirements relating to said Relief Fund, together with the laws in general of the Knights and Ladies of Honor then in force or that were thereafter enacted by said Order; yet said defendant, although often requested, has not paid to plaintiff said sum of $1,000.

The second count averred that the defendant being a corporation incorporated under the laws of Indiana doing business in Illinois for the purposes in the first count mentioned, November 25, 1904, made and executed, in accordance with the laws of said Order, a benefit certificate which is set out *in haec verba.* Said certificate contains, *inter alia,* the following provisions:

"SUPREME KNIGHTS AND LADIES OF HONOR. No. 152970. $1,000. This certificate issued by the Supreme Lodge of Knights and Ladies of Honor, witnesseth, That John Benes a member of Svatopluk Lodge No. 1108 of said Order located at Chicago in the State of Illinois is entitled to all the rights and privileges of membership in the Order of Knights and Ladies of Honor, and to

participate in the relief fund of the Order, to an amount not exceeding One Thousand Dollars, which sum shall at his death be paid to his wife Johanna Benes. This relief fund certificate is issued upon the following express conditions:

"First, that the statements made by the member in the contract known as 'Application for Membership' in relief fund and answers to questions in applicant's statement to the medical examiner known as medical examiner's certificate, upon faith of which this relief fund certificate is issued, are true and shall be treated as warranties.

"Third, that while a participant in the relief fund the member shall strictly comply with all the laws, rules and requirements relating to said relief fund, together with the laws in general of the Knights and Ladies of Honor, now in force or that may hereafter be enacted by the Supreme Lodge."

The count then averred that Benes died May 28, 1905; that he, while being a participant in the relief fund, complied with all the laws, rules and requirements relating to said Relief Fund, together with the laws in general of the Knights and Ladies of Honor then in force or that were thereafter enacted by said Order; yet the defendant had not paid, etc.

The plea, following the averments of the declaration, alleged that the defendant, at the time the benefit certificate was issued, was, and still is, a fraternal mutual benefit society organized for the purpose of furnishing life indemnity or pecuniary benefits to beneficiaries of deceased members; that, at the time of issuing said certificate, it was governed by laws, rules and regulations adopted by its Supreme Lodge; that during the month of September, 1903, and before John Benes was admitted as a member, a law was adopted by the Supreme Lodge for the government of the defendant, and governing and regulating the collection and disbursement of its Relief Fund, and the payment of benefit certificates, which provided in effect that, if any member of the order, whose Relief Fund certifi-

cate bore date after the enactment of that section, should, within five years after becoming a member, die by his or her own hand, sane or insane, the certificate should become null and void, and the payment of no part of the sum named therein should be made; that this law was in full force at the time of issuing the benefit certificate sued on, and had remained in full force since that date, and that John Benes died by his own hand by hanging, and that the date of his death was within five years after he became a member, and within five years after the date of the benefit certificate declared upon.

Plaintiff's third replication to this plea alleged that prior to making application for membership, Benes requested of the officers of the subordinate lodge a copy of the constitution and by-laws of the order; that the officers delivered to him a printed copy of a constitution, and represented that the same was the constitution and by-laws then governing the order; that said constitution was in the Bohemian language, and did not contain the by-laws set forth in the plea; that, relying upon the constitution and by-laws so furnished him, containing all the laws then in force relating to the fraternal insurance and the payment thereof, he made application for membership in, and joined the order, believing that the copy of the constitution and by-laws delivered to him contained all the laws, rules and regulations; that Benes never knew, up to the time of his death, of any law, rule or regulation affecting the payment of the insurance other than a provision relating thereto in the copy of the by-laws delivered to him; that the subordinate lodge is composed of Bohemians, using that language; that this copy of the by-laws was in that language, and was furnished to the subordinate lodge by the defendant; that neither John Benes nor the members of the subordinate lodge were cognizant of the passage by the defendant of the law set forth in the defendant's plea, or of any similar law; that Benes was wholly ignorant of

any such law at the time he joined the order, and at the time he obtained the certificate, and so remained until his death, and that his ignorance was caused by, and that he was misled and misinformed by the copy of the constitution and by-laws delivered to him; that the by-laws furnished to him was adopted by the defendant, and was printed by it in the Bohemian language, and issued to the subordinate lodge, and distributed among the members for their instruction, and for the government of the members of the subordinate lodge, and that no such law as is set forth in the plea was ever issued to said subordinate lodge, or otherwise made known to the members thereof.

"It is a rule that a replication must either, *first,* present matter of *estoppel* to the plea, or *secondly,* must *traverse,* or *thirdly, confess and avoid* the matter pleaded by the defendant." 1 Chitty Pl. 648.

The replication in this case neither traverses nor confesses and avoids the plea. If it can be sustained at all it must be sustained upon the ground that it presents matter of estoppel to the plea. The commencement of the replication is not proper when matter of estoppel is to be replied. It is *precludi non;* that the plaintiff by anything in the plea alleged ought not to be barred from having his action against the defendant because, etc., and not, that the defendant ought not to be admitted or received to plead the plea by him pleaded because, etc.

A replication of matter of estoppel to a plea admits the facts stated in the plea against the allegation of which the estoppel is pleaded to a certain extent only. It amounts to saying, such is your plea, but you are estopped by law from setting it up. It is not an assertion of right by the party pleading it, but a denial of the right of the defendant to make the defense attempted. 7 Rob. Prac. 909. But this defect in the replication, treating it as a replication of matter of estoppel, was not made a ground of special demurrer

and is not relied upon by appellant here as a ground of reversal.

The question then is, do the facts stated in the replication constitute a good estoppel to the matter of the plea? "When parties have agreed to act upon an assumed state of facts, their rights, between themselves, are justly made to depend on the conventional state of facts and not on the truth. The reason of the rule ceases at once when a stranger to the arrangement seeks to avail himself of the statements which were not made a basis for him to act upon. They are for a stranger evidence against the party making the statement but no more than evidence which may be rebutted, between the parties they form an estoppel in law. The doctrine is that when one states a thing to another, with a view to the other altering his position, or knowing that as a reasonable man he will alter his position, then the person to whom the statement is made is entitled to hold the other bound, and the matter is regulated by the state of facts imported by the statement." 7 Rob. Prac. 247.

The by-law set out in the plea, according to the allegations of the plea, was adopted in September, 1903. The declaration alleges that the certificate sued on was issued November 25, 1904. The by-law was therefore in force when plaintiff's husband became a member of the defendant Order and the certificate was issued to him. The by-laws of the Order existing at that time became a part of the contract, and it is to be construed with reference to them. Covenant M. Life Ass'n v. Kentner, 188 Ill. 431, 440. The laws of the defendant Order are, according to the averments of the declaration, expressly referred to in the benefit certificate and are to be taken as a part of the contract in the same manner as if introduced into the body of the instrument. Simeral v. Dubuque Mut. F. Ins. Co., 18 Iowa 319. Benes is conclusively presumed to have known of the by-laws, for they are a part of his benefit certificate. Lloyd v. Mod. Workmen of

America, 113 Mo. App. 19. He was a member of the defendant Order and as such was bound to know the laws of the Order. Coles v. Iowa State Mut. Fire Ins. Co., 18 Iowa 425.

"All the members of the corporation or society are presumed in law to have notice of its by-laws. This is a legal presumption, conclusive in its nature; and accordingly, direct proof of such notice is not required. A better statement of this rule is that, when a person becomes a member of a corporation or society, he assumes the duty of knowing the internal laws of that society, and agrees to be governed by those laws, whether he knows them or not. If, therefore, an obligation arises against him under those laws, he can no more escape that obligation on the plea of ignorance, than he can be heard to plead ignorance of the law of the land, in order to escape a civil or criminal liability." Thompson on Corporations, sec. 941. See also Bacon on Benefit Societies, 3rd ed., sec. 81; Niblack on Benefit Societies, secs. 18, 97, 136.

"The contract of insurance is between the society and the member to whom the certificate is issued, and not between the society and the beneficiary named in the certificate." Delaney v. Delaney, 175 Ill. 187, 195.

Whatever rights the plaintiff has in the certificate depend on the contract between her husband and the defendant. She cannot avail herself of any statements not made to her as a basis for her to act upon.

The facts stated in the replication do not, in our opinion, constitute a good estoppel to the matter of the plea, and the Superior Court erred in overruling defendant's demurrer to the replication. The judgment will be reversed and the cause remanded.

If the plaintiff shall so elect, final judgment may be entered in this court as was done in C. L. S. & E. Ry. Co. v. McAndrews, 124 Ill. App. 166, 174. S. C. 222 Ill. 232.

*Reversed and remanded.*

Judgment affirmed, 231 Ill. 134.