FREDERICK A. BRAGG

*v.*

THE CITY OF CHICAGO.

1. ARREST OF JUDGMENT—*motion on default.* A motion in arrest of judgment on default comes before the court exactly as if it were on demurrer. The default admits nothing but what is properly alleged.

2. PLEADING—*when an averment that land belonged to and was in possession of plaintiff, sufficient averment of title.* In an action of debt, upon an appraisement made by commissioners appointed to determine and appraise

to the owners the value of real estate taken for a public street, an averment in the declaration that there was appraised and allowed to the plaintiff a certain sum, " as damages for the taking and appropriating of land belonging to and in possession of the plaintiff," is a sufficient averment of title to the real estate to support a judgment by default.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. LAMBERT TREE, Judge, presiding.

Mr. EDWARD S. BRAGG, for the plaintiff in error.

Mr. T. LYLE DICKEY, and Mr. I. N. STILES, for the defendant in error.

Mr. JUSTICE SCOTT delivered the opinion of the Court :

The court sustained the motion entered by defendant in arrest of judgment, rendered on default, and after the writ of inquiry was executed. That decision is assigned for error.

The declaration is in debt, and is upon an award or an appraisement made by commissioners, appointed by the city of Chicago, to determine and appraise to the owners, of whom plaintiff in error was one, the value of real estate taken for the extension of a street in the city, and the injury sustained by them, after deducting therefrom any benefit which would accrue to such owners, respectively, for such improvement.

The objection urged to the declaration on the motion in arrest, is, that it is not alleged the plaintiff then had or ever had a title in fee, or for life, or for years, in the real estate sought to be condemned.

The declaration contained a number of averments as to the interest of plaintiff in the lands taken, among others " that there was appraised, allowed and awarded to him in said assessment, an award of damages, so made as aforesaid, in writing, the sum of $3000, as damages for the taking and appropriating of land belonging to and in possession of this plaintiff;" and " that the defendant took and appropriated the said real estate, so described as belonging to the plaintiff, for a public street, * * * under the proceedings of condemnation aforesaid, without making any compensation there-

154          BRAGG *v.* CITY OF CHICAGO.          [Sept. T.

Opinion of the Court.

for, and have ever since, and still do, occupy and use the same."
In the introductory part of the declaration, which contains a
succinct statement of jurisdictional facts, it is averred all the
real estate in the line of the proposed improvement, and par-
ticularly " the real estate of the plaintiff hereinafter specifically
described," was situated in the corporate limits of the city of
Chicago.

It is contended these constitute no averment of title in the
plaintiff; that it can not be known from them what title, if
any, he had in the property, and, at most, they constitute a
defective statement of title, which can only be helped out by
verdict upon trial of an issue, on the theory the court re-
quires every material allegation, however defectively stated, to
be proven by competent evidence.

In this case the judgment was by default, and of course no
evidence was required upon the averment, the lands " belonged
to " and were " in the possession of the plaintiff."

It may be conceded the rule contended for is stated correctly
in *Collins* v. *Gibbs*, 2 Bur. 899, that a motion in arrest of judg-
ment by default comes before the court exactly as if it had
been on demurrer.  Trying this case by the strictest rules, as
stated by this court in *Cronan* v. *Frizell*, 49 Ill. 321, that
" the default admits nothing but what is properly alleged," are
the averments of ownership in the plaintiff, as set forth in the
declaration, sufficient to support the judgment ?  We think
they are.  The distinct averment is made, " the lands belong
to " and were " in the possession of plaintiff."  This is equiv-
alent to a positive averment that he was the owner of the real
estate appropriated by the city for the use of a street.  The
word " belong" itself implies ownership, and one definition of
its meaning, as given by lexicographers, is, " to be the prop-
erty of."  " The lands " are said to " belong to " the plain-
tiff.

This language conveys as distinct an idea of ownership as
any words that could be employed.  It is true, it does not de-
fine whether that ownership was in fee simple, for life, or for
years.  This is no valid objection.  The declaration contains

the positive averment of ownership in the lands appropriated for public purposes, and it expressly averred, that for this property of the plaintiff, by whatever title he held it, the commissioners awarded him the sum of $3000. After the making of the award, it is averred, the city entered upon the property and appropriated it to public purposes. During all the proceedings had in making the assessment, the corporate authorities treated the plaintiff as the owner of the property. It is averred the lands taken belonged to him, and the default admits it. This is tantamount to a solemn admission on the record, the city has appropriated to public uses property of the plaintiff, and there is no reason why it should not pay the appraised value. The declaration states a cause of action. What defenses might have been interposed to defeat a recovery it is not necessary for us to consider. The default admits ownership of the lands appropriated, and the award made for the plaintiff's damages. These facts, when admitted, are sufficient to sustain the judgment.

The judgment sustaining the motion in arrest of judgment will be reversed, and the cause remanded, with directions to enter final judgment for the plaintiff.

*Judgment reversed.*

Mr. JUSTICE McALLISTER: I dissent *in toto* from the opinion of the majority of the court. There is no statement in the allegations of the declaration, that plaintiff had any estate in the lands, and the words relied upon in the opinion of the majority occur only in that part of the declaration averring the breach. In my opinion, this is the loosest specimen of pleading ever sustained by a court of last resort. Under the charter the legal effect of the award is, to give the amount to the person whose estate or interest in the land entitled him to it. The award is not even *prima facie* evidence that Bragg was so interested. He should, therefore, have set forth his estate in the declaration, in such manner as to show that the city could safely pay it to him.