### GEORGE E. AYERS

### *v.*

### THE CITY OF CHICAGO.

*Filed at Ottawa September 27, 1884.*

1. PLEADING—*of the declaration—in action against a city to recover for personal injuries resulting from negligence.* In an action against a city to recover for an injury resulting from leaving a dangerous pit unguarded, it is not sufficient in the declaration to allege, generally, that it was the duty of the defendant to cover or otherwise protect a dangerous pit or place, but the pleader must state facts from which the law will raise the duty.

2. PLEADING AND EVIDENCE—*allegations and proofs must correspond.* A plaintiff can not recover except by proof of the case stated in his declaration. The *probata* must support the *allegata*.

3. SAME—*in suit against a city for personal injuries—allegation and proof as to duty of the city in respect to safety of streets.* An allegation in a declaration in a suit against a city to recover damages for a personal injury, that the defendant was in the possession and occupancy of premises adjoining a public highway on which was a dangerous pit, and that by reason of such occupancy it was the duty of the defendant to protect the public against danger of injury from falling into such pit, by covering the pit, or otherwise guarding against accident, and alleging a failure to perform such duty, is not sustained by proof that the defendant was possessed of a public street frequented by the public, and by reason of the possession of the street it became the duty of the defendant to make and keep the public highway in a safe condition, and that in violation of this duty the city had negligently permitted a dangerous pit adjoining such highway to be and remain without any barrier to prevent persons passing from falling therein, nor is such allegation sustained by proof tending to show negligence of the defendant to keep such highway so in its possession safe, by permitting to be and remain in the same a dangerous pit wholly unguarded by any barrier.

4. Under a declaration charging a city with the duty of covering or protecting a dangerous pit, upon the allegation that the pit is located on premises occupied by the defendant and adjoining a public highway, the plaintiff can not recover by proving that the defendant was in possession of the street, and as occupant of the highway owed that duty to the public whether the pit was in the highway or adjoining the same.

5. PRACTICE—*directing what the verdict shall be.* Where there is no evidence tending to prove a material allegation in the plaintiff's declaration, and without the proof of which no recovery can be had, there is no error in excluding all the evidence, and instructing the jury to find for the defendant.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Superior Court of Cook county; the Hon. ROLLIN S. WILLIAMSON, Judge, presiding.

This is an action of trespass on the case, wherein appellant, as plaintiff, alleges in his declaration that on the 11th day of December, A. D. 1881, the defendant (the appellee) was the possessor and occupier of a certain messuage and premises, situated on the north-west corner of Washington and Clark streets, in the city of Chicago, in the county of Cook, adjoining the public highway or sidewalk about said premises, in which there was a certain hole, aperture and opening, otherwise known as a "light shaft," belonging to said premises, including said light shaft, and that the plaintiff, while walking along said sidewalk with all due and proper care, fell into said opening in and adjoining the said sidewalk and common highway, and was greatly injured,—his head so injured as to affect his hearing, his leg broken in different places, so that it became necessary to amputate the same, and incur great expense in and about his injuries, and for loss of time and business, laying his damages at $20,000, consequent upon the failure and neglect of the defendant to protect said opening and light shaft with a railing or guard, as in duty bound,—to which the defendant filed the plea of not guilty, and upon the issues so joined a jury was impaneled and the trial had,

On the trial, plaintiff produced proofs tending to show that while walking on the sidewalk on the north side of Washington street, going westward from the north-west corner of Clark and Washington streets, in the city of Chicago, in the county of Cook,—which sidewalk was just south of the court house, there being snow on the ground at the time, and it being in the night time,—the plaintiff, bearing to the right, walked towards the court house, and while exercising ordinary care, fell into a hole, or uncovered and unprotected and unguarded light shaft, which adjoined the sidewalk, and was between the northern edge of the sidewalk and the wall of the court house; that this hole or light shaft was about four feet wide and twelve feet long, and about twelve feet deep, and was entirely uncovered, and without any railing or barrier to prevent persons from walking unawares into the same or falling into the same; and that a smooth pavement extended all the way from the south side of the hole to that part of Washington street used for wagons, carriages and horses,—a distance of some sixteen feet; and that by the fall his ankle was crushed so his leg had to be amputated, and he was otherwise very seriously injured in his person, and also that he was subjected to great expense. Plaintiff testified, also, that the opening was in the sidewalk, and not in the court house building. One of his witnesses testified that the hole was neither in the sidewalk nor in the court house, but between the two; the opening had no connection with the court house, except as a shaft for light to the basement of the building; also, that this hole had remained for at least six months in this condition, at the north edge of a sidewalk, where large numbers of people were constantly passing. There was no evidence whatever that the defendant (appellee) was ever in possession or in the occupancy of the place where this hole was, or of the court house.

This being all the testimony in the case, the counsel for defendant moved the court to exclude the evidence from the

consideration of the jury, which motion the court sustained, and plaintiff then and there excepted. The court then gave the jury the following instruction:

"The jurors are instructed that there is no evidence to sustain the material allegations of the plaintiff's declaration, and you are therefore directed to bring in a verdict for the defendant that the defendant is not guilty."

—To which the plaintiff at the time excepted. The jury found the defendant not guilty. On the same day plaintiff moved the court to grant a new trial, because the court erred in giving said instruction, and because the verdict is against the law and against the evidence in the case, and should have been for the plaintiff. The motion was overruled, and plaintiff excepted. Judgment for defendant was rendered. On appeal, this judgment was affirmed in the Appellate Court for the First District, and plaintiff, with the certificate of that court, under the statute, appeals to this court.

Mr. L. M. Shreve, for the appellant:

The evidence proves that the opening is in the edge of the sidewalk, made, no doubt, as a light shaft in the basement of the court house, but made in the sidewalk over which pedestrians pass, and had a right to pass, over its entire width. *Indianapolis* v. *Gaston,* 58 Ind. 224; *Stephen* v. *Brown,* 40 Ill. 428.

The legal presumption is, that the city makes its own sidewalks, and that it has the control and possession of the same, no matter who owns the fee. *City* v. *Johnson,* 53 Ill. 91.

The city holds the public streets and highways in trust for the public use, and is bound to see its sidewalks are reasonably safe for persons exercising reasonable care,—to place lights where obstructions are made by themselves or others, and to place guards in dangerous places. *City* v. *Wright,* 69 Ill. 319; *City* v. *Brophy,* 79 id. 277; *Campbell* v. *Race,*

7 Cush. 408, cited in 35 Ill. 58; *Norwich* v. *Breed,* 30 Conn. 535; *President* v. *Meredith,* 54 Ill. 84; *City of Bloomington* v. *Bay,* 42 id. 503; Dillon on Mun. Corp. chap. 23, p. 754.

If a sidewalk be made by a private citizen, the city is liable for defects known in it, from which injury results. *City of Rockford* v. *Hildebrand,* 61 Ill. 155.

The liability is equally clear if damage result from obstructions or dangerous excavations on adjacent property, so near as to endanger the free use of the street. *City of Chicago* v. *Robbins,* 2 Black, 418; *Nibbett* v. *City of Nashville,* 4 Wall. 657; Dillon on Mun. Corp. 754, *et seq.*

The liability extends equally to obstructions, dangerous places and unprotected holes upon adjoining or adjacent property, by whomsoever made. *Mayor of New York* v. *Baily,* 2 Denio, 433; *Campbell* v. *Race,* 7 Cush. 408; 3 id. 174; 30 Conn. 118; *Lacon* v. *Page,* 48 Ill. 499.

Mr. JULIUS S. GRINNELL, for the appellee:

The city is not liable, because there was an absolute failure on the part of the plaintiff to prove that the city owned, occupied or controlled the county building, or that the city had anything to do with or about the opening in question. The negligence charged is, that there was a hole in the building or premises owned and occupied by the city, which it failed to cover or protect. There was no proof of the occupancy or ownership of the premises by the city.

The place where the plaintiff received his injury was not in the walk, but in the county building, over which the city has no control. It could not be reached except by going out of the way, and was reached by plaintiff, as he says, in attempting to get out of sight and away from persons passing along the street. The accident was not unavoidable, and did not necessarily happen. Plaintiff's going there might have been his convenience or even necessity, but it was no such necessity as would imply negligence for which the city is responsi-

ble.   He left the walk provided by the city, and went to a building not owned or controlled by the city, to a place not in the traveled way, and to be out of sight endeavored to get behind an immense buttress, and fell.   *Gavin* v. *City of Chicago,* 97 Ill. 66; *Monmouth* v. *Sullivan,* 8 Bradw. 50.

Mr. JUSTICE DICKEY delivered the opinion of the Court:

We find no error in the judgment of the Appellate Court. The judgment of the Superior Court of Cook county was properly affirmed.   The only question of law presented by the record relates to the propriety of the instruction directing the jury to find for the defendant, upon the ground stated in the instruction,—that "there is no evidence to sustain the material allegations of the plaintiff's declaration."

The *gist* of the complaint, as stated in the declaration, is, that the defendant was in possession and occupancy of premises adjoining a public highway, and that on these premises so adjoining the public highway and so possessed by the defendant, was a dangerous pit, and that by reason of such possession and occupancy of the pit so situate, it was the duty of defendant to protect the public against liability to injury by falling into the pit, by covering the same, or otherwise guarding against the danger, and that defendant failed to perform that duty.   A plaintiff can not recover except by proof of the case stated in his declaration.   The *probata* must support the *allegata.*   It does not tend to support the allegations of this declaration to furnish proof tending to show that defendant was possessed of a public street frequented by the public, and by reason of the possession of the public street it became the duty of defendant to make and keep this public highway in a safe condition, and in violation of this duty it had negligently permitted a dangerous pit *adjoining* such highway to be and remain without any barrier to protect persons passing from falling therein; nor does proof tending to show a negli-

gent failure of the defendant to keep such highway so in its possession safe, by permitting to be and remain in said highway a dangerous pit wholly unguarded by any barrier,—and this, for the reason the declaration charges defendant with no such duty. It is not necessary here to decide whether the proofs given would have made it the duty of the court to have submitted the case to the jury under a declaration charging the case which the proofs are supposed to sustain. It is enough that the proofs utterly fail to tend to show that defendant was in possession of the premises outside of and adjoining a public highway where it is alleged this dangerous pit was. This allegation can not be treated as surplusage. Without it the declaration shows no cause of action. It is not sufficient, in a declaration, to say, generally, that it was the duty of defendant to cover or otherwise protect a dangerous place. The pleader must state facts from which the law will raise the duty. Such duty in relation to this pit may arise from the fact, if it be so, that the defendant excavated the pit. Such duty may rest upon one in possession and occupancy of such pit. Such duty may rest upon a city occupying a street adjoining such pit, upon the ground that the permission of the pit renders the street unsafe; and if the pit be in the street, the duty may rest upon the city to keep covered and protected all dangerous pits located in the streets. On these questions we need not here pass. What we rule is, that under a declaration charging defendant with the duty of covering or protecting a dangerous pit, upon the allegation that the pit is located on premises occupied by defendant and adjoining a public highway, plaintiff can not recover by proving that defendant is in possession of the highway, and as *occupant* of the *highway* owes that duty to the public, whether the pit be in the highway or adjoining the highway.

The judgment of the Appellate Court is therefore affirmed.

*Judgment affirmed.*