CHARLES T. SCHUELER *et al.*

*v.*

JOSEPH MUELLER.

*·Opinion filed December 18, 1901.*

1. PLEADING—*it is not sufficient for a declaration to allege generally the duty of defendant.* It is not sufficient for a declaration to allege generally the duty of the defendant, but the pleader must state facts from which the law will raise a duty, and must show an omission of such duty and a resulting injury.

2. SAME—*default admits only what is averred in the declaration.* A default admits only the facts well pleaded in the declaration, and if the facts alleged do not give a right of recovery, final judgment should not be entered against the defendant.

3. SAME—*Statute of Amendments and Jeofails does not cure defects of substance.* The Statute of Amendments and Jeofails does not operate to cure defects which are clearly matters of substance.

4. SAME—*when defect is not cured by verdict.* If the declaration and the issues joined upon it do not clearly impose· the duty on plaintiff to prove an omitted material allegation of fact, the omission is not cured by verdict.

*Schueler* v. *Mueller,* 96 Ill. App. 203, reversed.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

JOHN W. WALSH, for appellants.

C. M. HARDY, for appellee.

Mr. JUSTICE HAND delivered the opinion of the court:

This is an action on the case, brought by the appellee against the city of Chicago and the appellants to recover damages for a personal injury claimed to have been sustained by the appellee by falling through a trap-door in a sidewalk upon one of the streets in said city. The case was dismissed as to the city, and the appellants, who did

not appear, were defaulted, and a jury were sworn, who assessed the damages at $1720, upon which verdict judgment was rendered. During the same term of court the appellants moved the court to set aside and vacate the judgment, which motion was overruled and an appeal taken to the Appellate Court for the First District, where the judgment was affirmed, and a further appeal has been prosecuted to this court.

The single question presented to this court for decision is whether the declaration is sufficient to sustain the judgment. It alleges that the city was using, occupying and controlling the street for the passage of the public thereon, and that by reason thereof it became the duty of the city and appellants to exercise ordinary care and caution to maintain the street and the sidewalk in a reasonably safe condition; that in violation of said duty the appellants and the city caused and permitted a certain board sidewalk and trap-door therein, then being upon said street in front of the property and premises then and there used and occupied by the appellants, to become broken, displaced, unguarded and unsafe, whereby the appellee, while exercising due caution for his own safety, was injured. There is a total failure to state any facts which explain how and why it was the duty of appellants to care for and guard the trap-door in the sidewalk, which it is averred was owned and controlled by the city. The averments contained in the declaration as to the duty of appellants are mere conclusions of law, which are not traversable. It is not sufficient in a declaration to allege generally the duty of the defendant, but the pleader must state facts from which the law will raise a duty, and show an omission of the duty and a resulting injury. (*Ayers* v. *City of Chicago*, 111 Ill. 406; *Louisville, Evansville and St. Louis Consolidated Railroad Co.* v. *Hawthorn*, 147 id. 226; *Chicago and Alton Railroad Co.* v. *Clausen*, 173 id. 100.) The declaration was therefore substantially defective.

A default admits only what is averred in the declaration, and if the facts alleged do not give a right of recovery, final judgment should not be entered against the defendant. (*Bragg* v. *City of Chicago,* 73 Ill. 152; *Lawver* v. *Langhans,* 85 id. 138; *Board of Supervisors of Madison County* v. *Smith,* 95 id. 328.) The defects in the declaration were not cured by the Statute of Amendments and Jeofails. "The Statute of Amendments and Jeofails does not extend to cure defects which are clearly matters of substance." (*Chicago and Alton Railroad Co.* v. *Clausen, supra.*) Nor were they cured by the verdict. Where the declaration, and the issues joined upon it, do not fairly impose the duty on the plaintiff to prove the omitted fact, the omission will not be cured by verdict, as "nothing will be presumed after verdict but what must have been necessarily proved under the averments of the declaration." (*Joliet Steel Co.* v. *Shields,* 134 Ill. 209.) In this case the judgment was by default, and no evidence was required upon the question of the duty of appellants to care for and guard the trap-door in the sidewalk, which was owned and controlled by the city. (*Bragg* v. *City of Chicago, supra.*) In *Wright* v. *Bennett,* 3 Scam. 258, an action of debt was brought to recover, under the statute, for cutting timber. The declaration failed to allege that the plaintiff was the owner of the premises in fee simple. A default was entered and a jury sworn, who assessed the plaintiff's damages. The court say (p. 259): "The declaration, being substantially defective, was not aided by the verdict, and the motion in arrest of judgment should have been sustained."

We are of the opinion the court erred in overruling the motion of the appellants to set aside and vacate said judgment. The judgments of the superior and Appellate Courts will therefore be reversed and the cause remanded to the superior court for further action in accordance with the views herein expressed.

*Reversed and remanded.*