## Michael McAndrews

### v.

## The Chicago, Lake Shore and Eastern Railway Co.

*Opinion filed June 14, 1906—Rehearing denied October 10, 1906.*

1. Negligence—*what elements must unite to constitute actionable negligence—pleading.* The existence of a duty from the defendant to the plaintiff, the failure of the defendant to perform that duty, and a resulting injury to the plaintiff, must all unite to constitute actionable negligence, and the absence of one of those elements from the declaration renders the declaration insufficient to sustain a judgment for negligence, even after verdict.

2. Same—*a reckless act may not create liability.* Liability follows a negligent or reckless act only when the offending party owes to the party injured some duty which is violated by the commission of the negligent or reckless act, and hence an averment that the defendant negligently and recklessly performed a certain act does not necessarily imply that a duty to the plaintiff was thereby violated, nor supply the want of an averment of facts with reference to such duty.

3. Pleading—*facts which raise a duty must be alleged.* It is not sufficient, in an action for negligence, for the declaration to allege that it was the duty of the defendant to do certain things, but the declaration must aver facts from which the law will raise the duty.

4. Same—*plea of the Statute of Limitations need not aver that original declaration stated no cause of action.* An averment in a plea of the Statute of Limitations that the additional counts state "another and different cause of action" from that stated in the original declaration is equivalent to an averment that they state a "new and different cause of action," and it is not necessary that the plea aver that the original declaration stated no cause of action.

5. Same—*when declaration does not state a cause of action.* A declaration averring that the plaintiff was employed by a certain manufacturing corporation at its plant, where there were several railroad tracks, and that while he was upon and about to unload a car on one of such tracks, exercising due care for his safety, the defendant railroad company recklessly, negligently, and without giving plaintiff any warning, shoved certain cars against the one upon which the plaintiff was standing, whereby his injury resulted, fails to show a duty from the defendant to the plaintiff and states no cause of action.

6. Same—*when omission from declaration is not cured by verdict.* If the declaration omits to allege any substantial fact which is essential to a right of action and which is not implied in or inferable from the findings of the facts which are alleged, a verdict for the plaintiff does not cure the defect.

Writ of Error to the Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. H. B. Willis, Judge, presiding.

.  James C. McShane, for plaintiff in error.

Knapp, Haynie & Campbell, for defendant in error.

Mr. Justice Hand delivered the opinion of the court:

This is an action on the case brought by the plaintiff, against the defendant, in the superior court of Cook county, to recover damages for a personal injury alleged to have been sustained by the plaintiff while in the employ of the Illinois Steel Company at its South Chicago plant on the 16th day of July, 1901, by reason of certain cars being thrown by a locomotive engine under the control of the servants of the defendant, against a car which the plaintiff was unloading, whereby the plaintiff was thrown to the ground and run over and severely injured. The jury returned a verdict in favor of the plaintiff for the sum of $12,000, upon which the court, after overruling a motion for a new trial and in arrest of judgment, rendered judgment, which judgment, upon appeal by the defendant, was reversed by the branch of the Appellate Court for the First District and a judgment in that court was rendered in favor of the defendant, and the plaintiff has sued out a writ of error from this court to review that judgment.

The original declaration, which was filed on February 21, 1902, contained but one count, which, omitting the formal part, was as follows: "For that, whereas prior to and

on, to-wit, the 16th day of July, A. D. 1901, the plaintiff was employed by the Illinois Steel Company at its mills or plant at South Chicago, in the county and State aforesaid, at which plant there were certain railroad tracks, and at the time and place aforesaid, while he was upon and about to unload a certain car standing upon one of said tracks, and while, as he alleges, he was exercising ordinary care and caution for his own safety, the defendant, Chicago, Lake Shore and Eastern Railway Company, through certain of its servants in that behalf, then and there recklessly, negligently and without giving the plaintiff any warning, shoved certain other cars against the said car upon which the plaintiff was standing, as aforesaid, and the plaintiff was thereby then and there knocked down upon said track and a certain car then and there passed over his leg," whereby he was injured, etc., to which original declaration the general issue was pleaded.

The plaintiff, November 17, 1903, which was more than two years subsequent to the date of his injury, amended his declaration, by leave of court, by filing two additional counts thereto, the first of which charges, in substance, that the plaintiff was in the employ of the Illinois Steel Company, and in the performance of his duty was upon a car which was standing on one of the unloading tracks in the yards of said steel company, which tracks were tracks of the defendant, and while exercising due care and caution for his own safety, an engine of the defendant shoved a string of cars in on the track on which stood the car upon which the plaintiff was rightfully at work, and without timely warning to the plaintiff struck against said car violently, whereby the plaintiff was thrown from the car on which he was at work, to and across the track, and he was run over, etc. The second additional count was substantially the same as the first additional count, but contained the additional allegation that it was the duty of the defendant to exercise ordinary care to discover anyone working about said standing car, and to

give such person warning in order that he might avoid being injured; that the defendant did not take such precaution and did not discover that the plaintiff was on said car, and negligently shoved other cars against said car which the plaintiff was unloading, without warning to him, and by the collision of said moving cars with the car which the plaintiff was unloading, he was thrown from the said car to the track and was run over and injured.

The defendant filed the general issue to said additional counts, also pleas of the Statute of Limitations. The plaintiff interposed a demurrer to said pleas of the Statute of Limitations, which was sustained, and the defendant having elected to stand by its pleas, the case was tried upon the declaration as amended. At the close of all the evidence the defendant asked the court to instruct the jury to disregard the original declaration, as it stated no cause of action. This the court declined to do. The defendant also, after verdict, moved in arrest of judgment, on the ground the original declaration was insufficient to support a judgment, which motion was also overruled. The Appellate Court reversed the judgment upon the ground the trial court erred in sustaining a demurrer to the pleas of the Statute of Limitations filed to said additional counts of the declaration, and remanded the cause, whereupon the plaintiff admitted of record in that court that there were no additional facts not already appearing in the record which could be pleaded to avoid the legal effect of the demurrer to said pleas of the Statute of Limitations, whereupon the Appellate Court set aside the order reversing the cause and entered an order overruling the demurrer to said pleas and entered a final judgment in that court in favor of the defendant in bar of the action. The correctness of the practice of the Appellate Court in that regard is not challenged in this court. The sole question therefore presented upon this record for decision in this court is, does the original declaration filed in this case state a cause of action?

The original declaration charges the plaintiff was in the employ of the Illinois Steel Company at its plant at South Chicago, at which plant there were certain railroad tracks; that while the plaintiff was upon and about to unload a certain car standing upon one of said tracks, and while he was exercising ordinary care and caution for his own safety, the servants of the defendant "then and there recklessly, negligently and without giving the plaintiff any warning, shoved certain other cars against the said car upon which the plaintiff was standing." The criticism made upon the original declaration is, that it does not aver facts showing the defendant owed the plaintiff the duty to notify him that it was about to move the cars which came in contact with the car upon which he was at work, prior to the time it moved said cars, and it is said that although the defendant recklessly and negligently shoved said cars against the car upon which plaintiff was at work, the defendant is not liable to him for a resulting injury therefrom unless it owed him a duty to warn him that it was about to move said cars, prior to the time they were moved, and that it is not averred in the original declaration that the defendant knew, or ought to have known, the plaintiff was upon said car, nor are facts averred from which it appears that a duty rested upon the defendant to anticipate the presence of the plaintiff upon or in proximity to the car with which the moving cars came in contact. In actions of the character of this it is necessary to aver and prove three elements to make out a cause of action: (1) The existence of a duty on the part of the defendant to protect the plaintiff from the injury of which he complains; (2) a failure of the defendant to perform that duty; and (3) an injury to the plaintiff resulting from such failure. When these three elements concur they unitedly constitute actionable negligence, and the absence of any one of these elements, either in the declaration or proof, renders the declaration insufficient to sustain a judgment for negligence, even after verdict or the proof to establish a cause of action in-

volving actionable negligence; (*Schueler* v. *Mueller,* 193 Ill. 402; *Mackey* v. *Northern Milling Co.* 210 id. 115; *Faris* v. *Hoberg,* 134 Ind. 269; 33 N. E. Rep. 1028;) and it is not sufficient in the declaration to allege that it is the duty of the defendant to do certain things, as that would be but the averment of a conclusion, but the declaration must state facts from which the law will raise the duty. *Ayers* v. *City of Chicago,* 111 Ill. 406; *Chicago and Alton Railroad Co.* v. *Clausen,* 173 id. 100; *Schueler* v. *Mueller, supra.*

In *Schueler* v. *Mueller, supra,* an action on the case was brought against the city of Chicago and the appellants to recover damages for a personal injury claimed to have been sustained by the appellee by falling through a trap-door in a sidewalk upon one of the streets in the city of Chicago. The case was dismissed as to the city, and the appellants, who did not appear, were defaulted, and a jury were sworn, who assessed the plaintiff's damages, upon which verdict a judgment was rendered. During the term at which the judgment was rendered the appellants moved to set aside and vacate the judgment. There was a failure to state in the declaration any facts showing how or why it was the duty of appellants to care for and guard the trap-door in the sidewalk, and this court held, by reason of the lack of such averment the declaration failed to show any duty from the defendants to the plaintiff to maintain and keep in safe condition said trap-door, and that by reason of such omission the declaration failed to state a cause of action, and that the want of such averment in the declaration was not cured by verdict.

And in *Mackey* v. *Northern Milling Co. supra,* an action was brought to recover damages for the alleged negligence of the milling company, which, it was averred, resulted in the death of the plaintiff's intestate. It was averred that the appellant's intestate was in the milling company's employ; that he was lawfully on the side-track of the company when injured, and was in the exercise of due care for his own safety, when the milling company's servants, not the fellow-

servants of said intestate, pushed an unloaded car along said side-track and upon said intestate without giving him any notice or warning of its approach, whereby he was injured, etc. The declaration failed to state that said intestate's duties necessarily required him to be on the side-track at the time and place where he was injured, or that he was performing any duty he owed the milling company at that time and place, or that said company had any reason to believe or suspect that he would be at that place at the time of said injury, and it was held the declaration, for want of such averments, was so defective that it would not support a judgment. The court said (p. 118): "In the absence of averments showing that appellee [the milling company] owed Mackey [the intestate] some duty which was violated, and because of such violation said Mackey was injured while in the exercise of due care, the declaration must be held not to state a cause of action."

In this case, the only ground upon which the defendant could be held liable for actionable negligence in injuring the plaintiff would be that it owed the plaintiff a duty not to run its cars against the car upon which he was at work, without giving him warning of the approach of said cars in time for him to reach a place of safety before the cars collided, and that it neglected to perform such duty. There is found in the original declaration no averment of fact from which a duty to give the plaintiff such warning arises. It does not appear from the averments of the original declaration that the defendant knew, or was bound to know, that the plaintiff was on said car or in its vicinity, or that he was likely to be injured by the car upon which he was at work being moved by the cars being handled by the servants of the defendant. The original declaration therefore fails to show that the defendant owed the plaintiff any duty not to throw the cars being moved by its engine against the car upon which he was at work, without giving the plaintiff timely warning. The declaration, therefore, in that regard was

fatally defective. In *Mackey* v. *Northern Milling Co. supra,* on page 117, it was said: "It is a well established rule that a declaration, in cases of this character, must state facts from which the law raises a duty from the master to the servant, and if the declaration fails in this regard then it is insufficient to support a judgment. As stated in *Ayers* v. *City of Chicago,* 111 Ill. 406, 'the pleader must state facts from which the law will raise the duty.' And as said in Cooley on Torts, (2d ed.) 791: 'The first requisite in establishing negligence is to show the existence of the duty which it is supposed has not been performed.' And Mr. Thompson, in his work on Negligence, (2 Thompson on Negligence, 1244,) says: 'Unless the duty results in all cases from the stated facts, the declaration so framed will be bad.'" And in *Schueler* v. *Mueller, supra* (p. 403): "It is not sufficient in a declaration to allege generally the duty of the defendant, but the pleader must state facts from which the law will raise a duty, and show an omission of the duty and a resulting injury."

We think the original declaration stated no cause of action, and that the Appellate Court did not err in holding that the pleas of the Statute of Limitations filed to the additional counts of the declaration were not vulnerable to a demurrer.

It is, however, urged, that a duty from the defendant to the plaintiff should be implied from the averment found in the original declaration that the cars were *recklessly* and *negligently* shoved against the car upon which the plaintiff was at work. A person may be guilty of a negligent or reckless act and still not be liable for actionable negligence. Liability only follows a negligent or reckless act when the party guilty of the act owes to the party injured some duty which is violated by the commission of the negligent or reckless act. Thompson on Negligence (vol. 1, sec. 3,) says: "Where there is no legal duty to exercise care there can be no actionable negligence. Therefore it is reasoned that a plaintiff who grounds his action upon the negligence of the

defendant must show not only that the conduct of the defendant was negligent, but also that it was a violation of some duty which the defendant owed to him." And in Bishop on Non-Contract Law (par. 446) *it is* said: "To sustain an action for negligence the plaintiff must have suffered a legal injury whereof he is entitled to complain. Therefore, however great the defendant's negligence, if it was committed without violating any duty which he owed, either directly to the plaintiff or to the public, in a matter whereof he had the right to avail himself, * * * there is nothing which the law will redress." And in *South Bend Iron Works Co.* v. *Larger,* 11 Ind. App. 367, it was said: "That the declaration was not cured by verdict where no facts were alleged showing that a duty was owed by the defendant, although there was an allegation that a certain hatchway into which the plaintiff fell was dangerous and unprotected and without warning signs, and that because of the 'carelessness and negligence' of the said defendant in locating and constructing and maintaining said elevator the plaintiff was injured." It would appear to be clear that the averment, therefore, that the defendant shoved said cars negligently and recklessly does not supply the want of an averment of facts showing that the defendant owed to the plaintiff a duty not to move said cars without notice to him.

It is also urged that the pleas of the Statute of Limitations do not aver that the original declaration stated no cause of action. The averments of the pleas are, that the additional counts state "another and different cause of action." That averment we think equivalent to the statement that the additional counts state a "new and different cause of action." Clearly, if the original declaration stated no cause of action and the additional counts state a good cause of action, they state "another and different cause of action" from that stated in the original declaration. In *Mackey* v. *Northern Milling Co. supra,* on page 121, it is said: "If, as we hold, the first declaration filed by appellant did not state any cause

of action, then it must follow that if the declaration that was filed on March 4, 1902, did state a cause of action it was a new or different cause of action, and not being within the limitation of the statute was thereby barred." It is manifest that if the original declaration does not state a cause of action, additional counts stating a cause of action most certainly state another or different cause of action, viz., one which has never before been stated. Were it otherwise, the plaintiff, by his demurrer, would admit that the cause of action stated in the additional counts was stated for the first time in the additional counts, and having admitted that fact and that the additional counts were not filed within two years after the cause of action accrued, judgment· on the demurrer would have to go for the defendant.

It is also urged that even though it be conceded the original declaration failed to state a cause of action, the defect was cured by verdict. The rule is, if the declaration omits to allege any substantial fact which is essential to a right of action and which is not implied in or inferable from the findings of those which are alleged, a verdict for the plaintiff does not cure the defect. (*Foster* v. *St. Luke's Hospital,* 191 Ill. 94.) Here, one element of the plaintiff's cause of action, viz., the existence of a duty on the part of the defendant to protect the plaintiff from the injury of which he complains, was wholly omitted from the declaration, and the averment thus omitted cannot be implied or inferred from the facts which are alleged in the declaration. Such omission was, therefore, not cured by the verdict.

Finding no reversible error in this record the judgment of the Appellate Court will be affirmed. '

*Judgment affirmed.*