## Arthur Bahr, Administrator, v. National Safe Deposit Company.

### Gen. No. 13,500.

1. STATUTE OF LIMITATIONS—*when amended declaration subject to bar of.* An amended declaration in an action for death caused by alleged wrongful act not filed until more than one year after the death of the plaintiff's intestate is subject to the bar of the Statute of Limitations unless the original declaration stated a cause of action.

2. DECLARATION—*when does not state cause of action.* A declaration in an action for death caused by wrongful act does not state a cause of action for death where it does not contain any statement

of facts which tends to show or from which the inference can be drawn that the defendant owed any duty to the plaintiff's intestate to guard or protect the air-shaft into which the declaration states he fell.

Action in case for death caused by alleged wrongful act. Appeal from the Superior Court of Cook county; the Hon. AXEL CHYTRAUS, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1907. Affirmed. Opinion filed December 6, 1907.

**Statement by the Court.** This is an action by appellant as administrator to recover for personal injuries resulting in the death of Bruno O. Bahr, which occurred October 24, 1905, and was occasioned by falling into an air shaft in a building in possession of appellee. It is charged that the latter was guilty of negligence in leaving the entrance to said shaft open and unprotected.

The original declaration was filed January 31, 1906, and contained three counts. The defendant pleaded the general issue to the first two counts and demurred to the third. Upon the 20th of November following, more than a year after the death of the intestate, the demurrer coming on to be heard, defendant's counsel obtained leave of court to withdraw the plea of general issue, and it was ordered that the demurrer to the third count of the declaration stand as a demurrer to the first and second counts. Thereafter the court sustained the demurrer to all the counts and leave was given plaintiff to amend his declaration within five days. Upon the 23d of November following the plaintiff filed three amended counts, and five days later defendant pleaded the general issue and filed a plea of the Statute of Limitations to said amended declaration. Thereupon plaintiff demurred to the plea setting up the Statute of Limitations in bar of the action, and this demurrer was upon December 26, 1906, overruled. Plaintiff elected to stand by his demurrer and thereupon the suit was dismissed with judgment for costs in favor of defendant. The plaintiff appeals.

CHRISTIAN MEIER and PAUL C. MEIER, for appellant.

HORTON, BROWN & MILLER, for appellee.

MR. JUSTICE FREEMAN delivered the opinion of the court.

The question presented upon this appeal is whether the original declaration stated a cause of action. The amended declaration was not filed until more than one year after the death of plaintiff's intestate. If it states a good cause of action the action was then barred by the one year limitation of the statute, unless the original declaration stated a cause of action against the defendant. In McAndrews v. C. L. S. & E. Ry. Co., 222 Ill. 232-240, it is said: "Clearly if the original declaration stated no cause of action and the additional counts state a good cause of action, they state 'another and different cause of action' from that stated in the original declaration. In Mackey v. Northern Milling Co., *supra,* on page 121, it is said: 'If, as we hold, the first declaration filed by appellant did not state any cause of action, then it must follow that if the declaration that was filed on March 4, 1902, did state a cause of action it was a new or different cause of action and not being within the limitation of the statute was thereby barred.' "

It is clear the original declaration did not set forth a cause of action. In none of its three counts is there any statement of facts which tend to show or from which the inference can be drawn that the defendant owed any duty to the plaintiff's intestate to guard or protect the air shaft into which the declaration states he fell. In the first count it is alleged that defendant was possessed of, controlled and managed a certain building and appurtenances and that in the building was an air shaft with an opening on each floor; that defendant wrongfully, negligently and unjustly permitted the openings of the air shaft to be so badly, insufficiently and defectively closed, guarded, obstructed

and protected that the deceased necessarily and un-
avoidably fell in and was thereby killed.   The second
count alleges in addition that the defendant negli-
gently and unjustly permitted the doors of the air
shaft to be and remain unclosed, unfastened, insecure
and unlocked, by reason of which the deceased neces-
sarily and unavoidably fell into it; and the third count
makes the additional averment that defendant wrong-
fully, negligently and unjustly permitted the keys of
the doors leading to said air shaft to remain in said
doors, in consequence of which the deceased unavoid-
ably fell in.   There is nothing in the declaration indi-
cating how the deceased came to be upon the premises,
nor that he was rightfully there.   It is not charged
that defendant owed the deceased any duty to guard
the air shaft and prevent him from falling into it.   No
facts are alleged from which any such inferences can
be drawn.   The pleader is required to state facts from
which the law will raise the duty, from failure in
which the injury occurs.   Gibson v. Leonard, 37 Ill.
App. 344-349; Ayers v. City, 111 Ill. 406; Schueler v.
Mueller, 193 Ill. 402.   It is urged, however, in behalf
of the plaintiff that although the declaration may be
obnoxious to a special demurrer, "it contained terms
sufficiently general to comprehend the cause of action
by fair and reasonable intendments," that while the
declaration did not allege the deceased was lawfully
in the building, the law will imply this.   We are unable
to find in the declaration any ground for such impli-
cation of law.   It is true doubtless, as stated in C. &
A. R. R. Co. v. Clausen, 173 Ill. 100, that "if the
declaration contains terms sufficiently general to com-
prehend by fair and reasonable intendment any mat-
ter necessary to be proved and without proof of which
the jury could not have given the verdict, the want of
an express statement of it in the declaration is cured
by the verdict."   But there are in this declaration no
terms stated, no facts mentioned sufficient to compre-
hend by fair and reasonable intendment certain ele-

ments necessary to constitute a cause of action—that the deceased was lawfully on the premises, that the defendant owed him any duty to do for him the things which it is charged were negligently left undone— which it would have been necessary to prove in order to support a verdict for the plaintiff. "Nothing is to be presumed after verdict but what is expressly stated in the declaration or what was necessarily implied from the facts which it stated." Taylor v. Felsing, 164 Ill. 331-335. A defective statement of a cause of action may be aided by the verdict, but a statement of a defective cause of action cannot be. In McAndrews v. C., L. S. & E. Ry. Co., *supra,* p. 241, it is said: "The rule is, if the declaration omits to allege any substantial fact which is essential to a right of action, and which is not implied in or inferable from the findings of those which are alleged, a verdict for the plaintiff does not cure the defect," citing Foster v. St. Luke's Hospital, 191 Ill. 94. In the case at bar, as in the McAndrews case, these elements were "wholly omitted from the declaration, and the averment thus omitted cannot be implied or inferred from the facts which are alleged in the declaration."

Finding no error, the judgment of the Superior Court will be affirmed.

*Affirmed.*