James Samonski, Appellee, v. Chicago City Railway Company et al., Appellants.

Gen. No. 15,022.

1. APPEALS AND ERRORS—*effect of error in joint judgment.* A joint judgment is a unit as to all the defendants and if erroneous as to one it is erroneous as to all.

2. PLEADING—*what essential to establish joint liability in action for negligence.* Where a joint tort or cause of action is alleged in the declaration the same rule of pleading obtains, and the facts from which the law raises the joint duty and the joint failure to perform that duty, and the injury resulting from such failure must be averred and proved.

Action in case for personal injuries. Appeal from the Circuit Court of Cook county; the Hon. JOHN GIBBONS, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1908. Reversed and remanded. Opinion filed June 3, 1910.

JAMES G. CONDON and C. LE ROY BROWN, for appellant; JOHN R. HARRINGTON, of counsel.

GEORGE E. GORMAN and RICHARD J. FINN, for appellee.

MR. JUSTICE SMITH delivered the opinion of the court.

This appeal is from a judgment against the defendants, appellants, in an action on the case for personal injuries. The action was commenced September 30, 1903. A declaration of three counts was filed February 19, 1904. On the trial the court instructed the jury that there could be no recovery on the second and third counts. No cross-errors have been assigned by the plaintiff, appellee, on the giving of these instructions, and appellee himself requested instructions basing recovery on the first count alone. The case therefore, so far as the pleadings are concerned, must be determined upon the first count alone.

That count alleged that on June 5, 1903, the Chicago City Railway Company was conducting a street railway in Chicago, and was in possession of certain barns wherein its cars were stored; that the Chicago Street Car Advertising Company was on that date engaged in the business of posting and displaying advertisements within the cars of the railway company; that plaintiff was in the employ of the defendant advertising company, and in the performance of his work and duties he was required and directed by the advertising company to enter the barns of the railway company and go into the cars and remove certain advertisements; that the railway company derived certain gains and profits from posting advertisements in its cars, and that the entering of said barns and cars was done by plaintiff at the request and invitation of the railway company; that it became and was the duty of defendants to keep and maintain the cars in the barns in a reasonably safe condition, and the floors of the cars free from dangerous holes and obstructions so that plaintiff might not be exposed to unnecessary danger while performing his work; that each of the defendants carelessly and negligently permitted a certain car of the railway company in its Archer

avenue barn to be and remain in a dangerous and unsafe condition in that a certain door in the floor of the car was negligently and improperly allowed to be and remain out of place, open and removed from its proper position in the floor of the car, thereby leaving a deep and dangerous hole in the floor of the car uncovered, unguarded and without barriers, danger signals or lights; that by means thereof, while the plaintiff was engaged in his duty in posting advertisements in the car, and while exercising due care and caution for his own safety, he necessarily and unavoidably fell into and through the hole in the car and against and upon the door so removed from its proper place, and thereby then and there sustained severe injuries.

The defendants separately pleaded not guilty.

It appears from the record that the plaintiff, Samonski, had been in the employ of the advertising company over six months prior to June 5, 1903. The business of the advertising company was the displaying and posting of advertising in the cars of various street railway companies operating in Chicago. The plaintiff, during the time he was employed by the advertising company, posted advertisements in the cars of all the railway companies. Plaintiff's foreman was John Altman. Plaintiff did what work Altman ordered him to do. He worked in the day time sometimes, but most of the time at night. Altman gave him cards or other devices to post, and directed him where to post them. On June 5, 1903, about four or five o'clock in the afternoon, Altman directed him to post some advertisements in cars at the Chicago Electric Traction Co.'s car barn at Eighty-eighth street. Samonski went to that barn and, as he says, finished his work there about seven o'clock in the evening; that while he was on his way home, he received instructions to go to the Archer avenue barn of the defendant railway company, to take out and change some cards. He went into the barn, saw the foreman of the barn and some other men, but did not speak to them. He walked across the barn to the second track from the east side of the barn and entered a car, in which he claims he was injured. Immediately west of this car stood an open

car upon which the trolley had not been disconnected, and the electric lights in the car were brightly lighted up. The lights in this car reflected into the car which Samonski entered and was walking through, so that he could read the advertisements in the upper part of the car. Plaintiff testifies he was looking for a certain advertising sign and he did not cast his eyes toward the floor. As he neared the north end of the car his left foot went into an open trap-door in the floor and was injured.

Altman, plaintiff's foreman, testified that he did not direct the plaintiff to go to the Archer avenue barn on the night of June 5, 1903, for any purpose whatever.

The judgment is a joint judgment. It is elementary that such a "judgment is a unit as to all the defendants, and, if erroneous as to one, it is erroneous as to all." Claflin et al. v. Dunne, 129 Ill. 241.

The first question is, does the declaration state a joint cause of action against the defendants with averments sufficient to sustain a joint judgment.

The familiar rule of pleading is again comprehensively and finally stated in McAndrews v. Chicago, Lake Shore & Eastern Ry. Co., 222 Ill. 232, as follows: "In actions of the character of this it is necessary to aver and prove three elements to make out a cause of action: (1) The existence of a duty on the part of the defendant to protect the plaintiff from the injury of which he complains; (2) a failure of the defendant to perform that duty; and (3) an injury to the plaintiff resulting from such failure. When these three elements concur they unitedly constitute actionable negligence, and the absence of any of these elements, either in the declaration or proof, renders the declaration insufficient to sustain a judgment for negligence, even after verdict or the proof to establish a cause of action involving actionable negligence (Schueler v. Mueller, 193 Ill. 402; Mackey v. Northern Milling Co., 210 id. 115; Faris v. Hoberg, 134 Ind. 269, 33 N. E. Rep. 1028); and it is not sufficient in the declaration to allege that it is the duty of the defendant to do certain things, as that would be but the averment of a conclusion, but the decla-

ration must state facts from which the law will raise the duty. Ayers v. City of Chicago, 111 Ill. 406; Chicago & Alton Railroad Co. v. Clausen, 173 *id.* 100; Schueler v. Mueller, *supra.*"

Where a joint tort or cause of action is alleged in the declaration the same rule of pleading obtains, and the facts from which the law raises the joint duty, and the joint failure to perform that duty and the injury resulting from such failure must be averred and proved.

The following quotations from well known authorities contain, we think, a sufficient statement, for the purposes of this decision, of the law of joint wrongs and the liability of joint tort-feasors:

"All who actively participate in any manner in the commission of a tort, or who command, direct, advise, encourage, aid or abet its commission, are jointly and severally liable therefor. All who aid, advise, command or countenance the commission of a tort by another, or who approve of it after it is done, are liable, if done for their benefit, in the same manner as if they had done the act with their own hands." Cooley on Torts (3d. Ed.) Vol. 1, page 244.

In Swain v. Tenn. Copper Co., 111 Tenn. 430, the court says: "When a tort is committed by two or more jointly, by force directly applied or in pursuit of a common purpose or design, or by concert, or in the advancement of a common interest, or as the result and effect of joint concurrent negligence, there is no doubt but that all the tort-feasors are jointly and severally liable for all the damages done the injured party, and that these damages may be recoverd in joint or several actions, although the wrongful conduct or negligence of some may have contributed less than that of others to the injury done.    *    *    *    *

"The parties in all these cases are joint tort-feasors. The reason for holding them liable for all the damages inflicted by any of them is that they are all present, in person or by representation, and join in the wrongful act, or in some way knowingly aid in doing it, thereby consenting to and approving the entire wrong and injury done. The whole injury is

committed by each and all of the trespassers, and it is but just and right that each of them should be held responsible for all the damages inflicted and, the liability being several and joint, they may be sued separately or jointly.   *   *   *"

In Cooley on Torts (3d. Ed.) Vol. 1, p. 246, the learned author says: "The authorities are, perhaps, not agreed beyond this, that where two or more owe to another a common duty and by a common neglect of that duty such other person is injured, then there is a joint tort with joint and several liability. The weight of authority will, we think support the more general proposition, that, where the negligence of two or more persons concur in producing a single indivisible injury, then such persons are jointly and severally liable, although there was no common duty, common design or concert of action."

The question then is, under the substantive law and the rules of pleading, as stated in the foregoing authorites, are the averments of the first count of the declaration sufficient to sustain a joint judgment for negligence.

The only averment of duty which we find in the count is that the defendant, Chicago City Railway Company, derived certain gains and profits from the posting of the advertisements in the cars as alleged, and that the entering of the barns and the cars in the barns was done by the plaintiff at the request and invitation of the defendant, Chicago City Railway Company. There is no allegation that the plaintiff's duties necessarily required him to be in the particular car at the time he entered it, or that the defendants or either of them had any reason to believe or suspect that the plaintiff would be in that particular car at the time of the injury. It does not appear from the facts averred that the defendants knew or were bound to know that the plaintiff was in the car at the time of the injury, or that he was likely to be injured by the trap-door being left open and unguarded at that place and time. No notice to the railway company is alleged. Nor, do the relations between the defendants, Chicago City Railway Company and Chicago Street Car Advertising Company, appear from the averments of the first count. The declaration

therefore fails to show any duty on the part of the railway company to the plaintiff, or any other person not in its employ, at the place and time of the injury, or that it sustained any partnership relations to the advertising company, or relations in the nature of a copartnership, or that there was any joint enterprise or business so that one of the defendants was responsible for the act or default of the other in any manner or to any extent. From the facts averred the law does not raise any duty from the railway company to the plaintiff and, therefore, there was no joint duty with the advertising company to the plaintiff. In our opinion the first count of the declaration is so defective in its averments of facts from which a duty results that it does not support the joint judgment which was entered. Cowen v. Kirby, 180 Mass. 504; Gaffney v. Brown, 150 Mass. 479; Sweeney v. Barrett, 151 Pa. St. 600. As stated in Schueler v. Mueller, 193 Ill. on p. 404, "Nothing will be presumed after verdict but what must have been necessarily proved under the averments of the declaration." The proofs, the presumptions and the intendments in favor of a declaration after verdict are still to be limited and controlled by the averments of the declaration.

The judgment must be reversed and the cause remanded.

*Reversed and remanded.*