Austin E. Burns, Administrator of the Estate of Edward Lee Tippey, Deceased, Defendant in Error, v. N. F. O'Hair, Plaintiff in Error.

Gen. No. 8,496.

Opinion filed April 14, 1931.

O'HAIR & McCLAIN, for plaintiff in error.

MILLER, ELLIOTT & WESTERVELT and LeFORGEE, SAMUELS & MILLER, for defendant in error.

MR. JUSTICE ELDREDGE delivered the opinion of the court.

In an action on the case the defendant in error recovered a verdict and judgment in the sum of $3,500 against the plaintiff in error as damages resulting from the death of Edward Lee Tippey, deceased.

The suit was originally brought against the defendants N. F. O'Hair and Macon County Fair Association, Inc. At the close of plaintiff's evidence Macon County Fair Association, Inc., was dismissed out of the case. The declaration consisted of four counts.

As to the second count, which was based upon wilfulness and wantonness, the trial court instructed the jury to find the defendant O'Hair not guilty. The first count in substance charges that the defendants on the 4th day of July, 1927, were in control and possession of, using and operating a certain parcel of land in the county aforesaid, containing what is commonly known as a race track, commonly known as ''Macon County Fair Grounds,'' for the purpose of conducting, to wit, automobile races, which said fair grounds were then and there under the care and management of the defendants and their servants; that said Tippey was then and there in control of, possessed of and driving a certain motor vehicle, to wit, automobile in, to wit, the afternoon of said day and was at that time and at all other times using all due care and caution for his own safety while engaged in driving and operating his automobile in one of the automobile races conducted then and there by the defendants; that defendants represented to plaintiff's intestate that the said race track was in a fast and safe condition and to be fit and suitable for the purposes and uses for which the defendants were then and there using and operating said race track, but that the defendants so carelessly and negligently maintained said race track in that they permitted and allowed a certain obstruction, to wit, broken board or plank which theretofore had been a part of the fence or railing surrounding said race track, to protrude or extend out into the said race track in a turn in said race track in and toward the direction from which the said automobile operated by plaintiff's intestate was then and there being driven in said auto race and that when plaintiff's intestate was then and there making said turn and was using all due care and caution for his own safety, that by and through the carelessness and negligence of the defendants as aforesaid, the said board or plank struck with great force and violence against the body of plaintiff's

intestate and that said board or plank penetrated the body of plaintiff's intestate and that as a proximate result thereof plaintiff's intestate was then and there killed.

The third count is substantially identical with the second count.

The fourth count after setting out the preliminary averments as in the first and third counts charged that it was the duty of the defendants to provide a reasonably safe track and to maintain and keep the same in a reasonably safe condition, so as to be fit and suitable for the purposes and uses for which the defendants were then and there using and operating said race track but that the defendants, in violation of their duty in that behalf, carelessly and negligently kept and maintained said race track, in that the defendants permitted and allowed a certain obstruction, to wit, broken board or plank which theretofore had been a part of the fence or railing surrounding the race track to protrude or extend out into the said race track in a turn therein in and toward the direction from which the said automobile operated by plaintiff's intestate was then and there being driven in said race and that when plaintiff's intestate was then and there making said turn and was using all due care and caution for his own safety, the said board or plank struck with great force and violence against the body of plaintiff's intestate by means whereof the latter was then and there killed.

The defendants filed a demurrer to the declaration which was overruled and thereupon they pleaded the general issue thereto.

The defendant N. F. O'Hair, plaintiff in error here, made a motion at the close of plaintiff's case and also one at the close of all the evidence to instruct the jury to find him not guilty. Each motion was overruled. Motion by plaintiffs in error to set aside the verdict and for a new trial and in arrest of judgment were

also overruled. The actions of the trial court in overruling each of these motions are assigned as errors as is also the overruling of the demurrer to the declaration.

If a party pleads over after his demurrer to the declaration has been overruled, he thereby waives the demurrer and the right to assign error upon such ruling, and also, after a judgment overruling a demurrer, he cannot avail himself of any exceptions to the declaration that could have been presented on the demurrer, by a motion in arrest of judgment. *Chicago & Alton R. Co. v. Clausen*, 173 Ill. 100, and cases cited, but in the above case it was also held:

"While the defendant, by pleading over, waived its demurrer and the right to assign error upon the ruling of the court on the demurrer, it did not waive innate and substantial defects in the declaration which would render the declaration insufficient to sustain a judgment, and the question whether it is so far defective may be considered under the assignments of error." It is obvious that there are no facts set out in the declaration in this case which would show or tend to show that the plaintiff in error owed any duty whatever to the deceased. It is not alleged that the deceased drove said automobile in said race at the invitation, consent or even knowledge of plaintiff in error but it is contended by defendant in error that even if the declaration was bad upon demurrer the defects therein were cured by the verdict. The common law rule upon this question is that where there is any defect, imperfection or omission in any pleading, whether in substance or form, which would have been a fatal objection upon demurrer, yet if the issue joined be such as necessarily required, on the trial, proof of the facts so defectively or imperfectly stated or omitted, and without which it is not to be presumed that either the judge would direct the jury to give or the jury would have given the verdict, such defect, imperfec-

tion or omission is cured by the verdict. In the case of *McAndrews v. Chicago, L. S. & E. Ry. Co.*, 222 Ill. 232, it was held: "In actions of the character of this it is necessary to aver and prove three elements to make out a cause of action: (1) The existence of a duty on the part of the defendant to protect the plaintiff from the injury of which he complains; (2) a failure of the defendant to perform that duty; and (3) an injury to the plaintiff resulting from such failure. When these three elements concur they unitedly constitute actionable negligence, and the absence of any one of these elements, either in the declaration or proof, renders the declaration insufficient to sustain a judgment for negligence, even after verdict or the proof to establish a cause of action involving actionable negligence; (*Schueler v. Mueller*, 193 Ill. 402; *Mackey v. Northern Milling Co.*, 210 id. 115; *Faris v. Hoberg*, 134 Ind. 269, 33 N. E. Rep. 1028;) and it is not sufficient in the declaration to allege that it is the duty of the defendant to do certain things, as that would be but the averment of a conclusion, but the declaration must state facts from which the law will raise the duty. *Ayers v. City of Chicago*, 111 Ill. 406; *Chicago & Alton Railroad Co. v. Clausen*, 173 id. 100; *Schueler v. Mueller, supra.*"

In the case of *Bahr v. National Safe Deposit Co.*, 234 Ill. 101, the *McAndrews* case was approved and the court said in regard to the declaration in the case under consideration:

"By reference to the first count of appellant's original declaration it will be seen that there is no averment of any duty owing to appellant's intestate to protect him against injury from falling into the airshaft. It is not stated why the deceased was upon the premises. For naught that appears he may have been a trespasser. The original declaration was therefore wholly insufficient to support a judgment because of the absence of an averment showing the existence

of a duty on the part of appellee to protect appellant's intestate from the injury complained of. The second and third counts of the original declaration were defective in the same respect as the first. There being no cause of action stated in the original declaration, it did not arrest the running of the Statute of Limitations against the cause of action stated in the amended declaration.''

The declaration in the case at bar is insufficient to sustain a judgment and the defects therein were not cured by the verdict.

Neither do the proofs sustain a cause of action. On July 4, 1927, plaintiff in error and the Macon County Fair Association, Inc., projected an automobile racing exhibition on the race track at the Macon County Fair Grounds. Entries were received from various owners and drivers of racing cars. Each entry of a car in these races was made by a written entry agreement containing numerous provisions and conditions. These entry contracts or agreements had to be signed by the driver of the car, the owner thereof and the mechanic in attendance. It also provided for an entry fee. Plaintiff's intestate lived in Peoria, Illinois, was a garage mechanic and worked for the witness Clark Caldwell in the latter's garage. He and his wife and Mr. Caldwell and his wife went to the races on the day in question as spectators. The deceased had no intention of participating therein either as an owner, driver or mechanic. A man by the name of Joe Faso, who lived at Chicago Heights, had a car at the races which he desired to enter therein but had no driver for it. Sometime during the afternoon before the accident happened he asked the deceased to drive his car and this the latter proceeded to do. No written entry was made by either Faso or the deceased. In a preliminary race prior to the one in which deceased was killed the driver of another car crashed through the fence which surrounded the track. This fence consisted of

pickets nailed onto a 2x4 timber at the bottom and another one at the top. The fence was broken by this accident and there is a sharp conflict in the evidence as to the condition of the fence after the accident. Caldwell and another witness testified that after the accident one of these broken 2x4's extended out three or four feet over the track, while several other witnesses testified that this timber did not extend out over the track but remained in the line of the fence and that the car of the deceased as he approached the vicinity of the broken fence skidded toward the north and then toward the south against the end of the broken timber. There is no evidence in this record that plaintiff in error knew that the deceased was going to drive Faso's car or that he did drive the same until after the accident. The only evidence which might possibly sustain an inference to this effect is that of Caldwell who testified: ''I was present when Tippey negotiated with some persons relative to entering this car in the races. Myself, Tippey and Mr. O'Hair were in the judge's stand and several others, I don't recall exactly who they were. There was a car there from Chicago without a driver, the way I heard it, and these people, the owners of the car, came to Tippey and asked him to drive the car, and Mr. Tippey accepted. Mr. O'Hair was there.'' There is no evidence that plaintiff in error heard the negotiations between Tippey and Faso or was in a position where he could hear. The fact that neither Faso nor Tippey signed any entry agreement would strongly support the theory that plaintiff in error had no knowledge of the agreement between Tippey and Faso. Over the objection of plaintiff in error the court admitted a blank copy of the entry agreement used for these races. The last paragraph of the entry agreement is as follows: ''We, the undersigned, hereby waive any and all rights to bring any action or actions of any kind or character against the management of

the Macon County Fair Association, Inc., or any of its agents, and do hereby waive any and all rights to bring any action against the management of O'Hair Auto Races, or any of its agents, for any injury to my person or property, of any nature whatsoever, resulting from any participation in any race in which the undersigned participates, regardless of the manner or cause from which said injury may arise. I further agree that this waiver of any right of action against said parties, as set forth herein, shall extend to any and all property owned by said parties, and not alone to property immediately connected with the racing track; and I further agree that this waiver shall extend to any and all injuries to my person or property caused in any manner whatever on said property, by the management, or the agents, servants, employees, and helpers of said parties whether said injuries are received on premises under control of said parties, or going to or from said premises.'' This copy which was admitted in evidence and marked Exhibit 2 (and which it is conclusively proven the deceased did not sign), if competent for any purpose, was competent for all purposes as its admission was not limited for any particular purpose, and is a complete waiver of any cause of action.

Neither the pleadings nor the proofs support the judgment in this case. The judgment is reversed and the cause remanded.

*Reversed and remanded.*