## Brown v. Lobdell, Farwell & Co.

1. DEFAULT—*Sufficiency of Declaration.*—In an action of case for deceit, a declaration which sets out the false representations, the knowledge by the plaintiff in error that they were false, their falsity in fact, the materiality of the representations, the reliance upon them by the defendants in error and consequent damage, is sufficient upon which to take judgment by default.

Memorandum—Case. In the Circuit Court of Cook County; the Hon. SAMUEL McCONNELL, Judge, presiding. Judgment by default; error by the defendant. Heard in this court at the March term, 1893, and affirmed. Opinion filed April 6, 1893.

The opinion states the case.

BRIEF OF PLAINTIFF IN ERROR, SMITH, HELMER & MOULTON, AND FLOWER, SMITH & MUSGRAVE, ATTORNEYS.

The plaintiff's declaration discloses no cause of action, and this is open to inquiry upon writ of error. Ohio & M. Ry. Co. v. Wachter, 123 Ill. 440.

In order to recover in an action for deceit, plaintiff must clearly show that he has suffered damage. Freeman v. Venner, 120 Mass. 424; Hagood v. Southern, 117 U. S. 52; Thomas v. Dickinson, 19 N. Y. Sup. 600; Holton v. Noble, 83 Cal. 7.

In order to maintain an action for deceit the plaintiff must show that he had a right to rely upon the alleged repre-

sentations complained of; and representations made more than three months and a half theretofore are too remote. Marshall v. Hubbard, 117 U. S. 416; Shulman et al. v. People, 14 Hun, 516; affirmed 76 N. Y. 624.

HAMLINE, SCOTT & LORD, attorneys for defendant in error.

OPINION OF THE COURT, GARY, P. J.

The defendants in error took judgment by default upon a declaration filed October 7, 1892, as follows:

"Lobdell, Farwell & Company, a corporation organized and existing under the laws of the State of Illinois, plaintiff, by Hamline, Scott & Lord, its attorneys, complains of Spencer A. Brown of an action on the case.

"For that whereas the defendant, on, to wit, the early part of December, 1891, in the county aforesaid, then being the president of the Union Grain Company, a corporation organized and existing under the laws of the State of Illinois, applied at the office of the plaintiff, who was then and is now engaged in buying and handling commercial paper, to thereafter engage in the business of discounting for him the notes of said Union Grain Company, to be indorsed and guaranteed by the firm of A. S. Brown & Company, of which said firm defendant informed the plaintiff he was the leading member; and to induce the plaintiff to discount for him such paper, falsely represented and stated to the plaintiff that he was worth in the neighborhood of eight hundred thousand dollars; that the business of his said firm of S. A. Brown & Company was in good condition; that the Union Grain Company had a capital of $200,000; that $100,000 has been paid in cash; and was possessed of a large amount of accumulated profits. And the plaintiff avers that on the faith of said representations and statements, this plaintiff shortly thereafter, relying implicitly upon all the statements so made as aforesaid by said defendant, and believing said statements to be true, began to discount for said defendant the paper of the Union Grain Company, and indorsed and guaranteed by said firm of S. A. Brown & Co., of which

said defendant was the principal partner; and on the 17th day of March, 1892, relying upon and believing in the truth of said false statements, plaintiff discounted for said defendant a note bearing date March 17, 1892, made by said Union Grain Co., payable to the order of said S. A. Brown & Co., in the sum of $2,500, ninety days after its date, and indorsed in blank and guaranteed by said firm of S. A. Brown & Co., of which said firm said defendant was the principal partner, and advanced to said defendant for said note of $2,500 the sum of twenty-five hundred dollars ($2,500).

And plaintiff avers that on the 22d day of March, A. D. 1892, plaintiff, relying upon the aforesaid false representations of said defendant, and believing them to be true, discounted for said defendant a note, dated March 22d, 1892, made by the said Union Grain Company, in the sum of twenty-five hundred dollars ($2,500), ninety days after its date, and indorsed in blank and guaranteed by said S. A. Brown & Co., of which said defandant was the principal partner, and advanced to said defendant for said note the sum of twenty-five hundred dollars.

But the plaintiff avers that the representations hereinbefore alleged to have been falsely made by said defendant to said plaintiff, to wit, that defendant was worth in the neighborhood of eight hundred thousand dollars ($800,000); that the business of S. A. Brown & Co. was in good condition; that the capital of the Union Grain Company was $200,-000, of which $100,000 had been paid in cash, and that the said Union Grain Company was possessed of a large amount of accumulated profits, were each and all false when so made, and were at that time known by said defendant to be false, and were made by said defendant for the purpose of deceiving and defrauding this plaintiff; but on the contrary, that said S. A. Brown & Co., of which said defendant was a partner, said defendant and said Union Grain Company were each and all insolvent at the date of said statements and have so remained ever since.

And plaintiff avers that at the maturity of said notes the same were not paid, and are still in the possession of the

plaintiff unpaid; that long prior to their maturity said S. A. Brown & Co., of which said S. A. Brown was the principal partner, said Union Grain Company, and said defendant failed in business and were closed up by process of law, and all of their property subject to execution has long since been sold, and said notes are absolutely worthless. And so the defendant deceived and defrauded the plaintiff to the damage of the plaintiff in the sum of $50,000 dollars, and therefore it brings its suit."

It is now assigned, in many subdivisions, as error that the declaration does not show a cause of action.

The false representations, the knowledge by the plaintiff in error that they were false, their falsity in fact, the materiality of the representations, the reliance upon them by the defendants in error, and consequent damage, all sufficiently appear in the declaration.

To discuss the case would be but to repeat what may readily be found in notes to Pasley v. Freeman, in Smith's Leading Cases. The judgment is affirmed.