## Frank Foster v. Ida Oberreich.

### Gen. No. 12,869.

1. DECLARATION—*what essentials of, after verdict in action on the case for deceit.* A declaration in an action on the case for deceit must show the false representations, or knowledge by the defendant that they were false, their falsity in fact, the materiality of the representations, the reliance upon them by the plaintiff, and the consequent damage.

Action in case. Error to the Circuit Court of Cook county; the Hon. JOHN GIBBONS, Judge, presiding. Heard in this court at the March term, 1906. Affirmed. Opinion filed December 13, 1906.

POYNTON & POYNTON and LYMAN M. PAINE, for plaintiff in error.

A. C. ALLEN and N. A. STERN, for defendant in error; A. C. ALLEN, of counsel.

MR. JUSTICE HOLDOM delivered the opinion of the court.

The record in this case is before this court to review a judgment of the Circuit Court rendered by default against plaintiff in error for the sum of $2,130.

The only question here presented for our consideration is the sufficiency of the declaration to support the judgment.

The declaration is, to put it mildly, inartificially drawn. It is obviously not the work of an experienced

pleader, but the production of an amateur. While counsel for plaintiff in error have treated the whole subject in a humorous manner, and many of the observations indulged in in the argument are apt in their illustrative application, there yet remains the fact that legal principles are involved which rest for their solution upon the law; and simile and metaphor, however attractive as a light vein of passing thought, do not materially aid in solving the legal questions involved or in applying such legal principles to the conditions here appearing.

The primal, controlling question is: Does the declaration, or one of its counts, state a cause of action? Is any of its counts invulnerable against a general demurrer? Bragg v. City of Chicago, 73 Ill. 152, is an authority to the effect that all objections made to a declaration after judgment by default must be considered in the same manner precisely as if such objections arose on a general demurrer. The minds of counsel concededly met in the agreement that the declaration is in case for deceit, and also that a defective statement of a cause of action cannot be taken advantage of after verdict. But whether the declaration be for deceit or in *assumpsit* is beside the question. If either cause of action appears from the averments of one of the two counts, that is sufficient to support the judgment.

We rest our decision here upon the second count of the declaration. To sustain this judgment it must, though inartificially, and without regard to the orderly method usual in such pleadings, conforming to the rule laid down in Chitty, vol. 1, 290, fulfill in all its essentials the requirements announced by this court in Brown v. Lobdell, 50 Ill. App. 559, by averring "the false representations, the knowledge by the plaintiff in error that they were false, their falsity in fact, the materiality of the representations, the reliance upon them by defendant in error and consequent damage."

The second count is as follows (R. p. 7):

"And whereas, also afterwards on, to wit, December 17, 1902, at Chicago, in consideration that the plaintiff at the like request of the defendant had then and there bought of the defendant a certain other promissory note and trust deed at and for a certain other price then and there agreed upon between the plaintiff and defendant, he, the defendant, undertook and then and there promised the plaintiff that the last-mentioned promissory note and trust deed at the time of said sale and purchase thereof was of great value and was merchantable, yet the defendant, well knowing that said promissory note and trust deed was fraudulent and of no value, deceived the plaintiff in causing her to purchase the same, in this, to wit, that the said last-mentioned promissory note purported to be signed by Frank C. Huston and was made payable to the order of the defendant, Frank Foster, and that said last-mentioned trust deed purported to be given conveying lots 3, 4, 5, 6 and 7, in block 1, in the subdivision, etc., of section 1, etc., in Cook County, Illinois, and which trust deed purported to be and was so represented to this plaintiff as security for the said last-mentioned note and was purported to be signed by the said Frank C. Huston. And, as plaintiff avers, the said Frank C. Huston had no title whatsoever in the premises above described, yet the defendant, well knowing that the said promissory note and trust deed was fraudulent and worthless and of no value, deceived the plaintiff in causing her to purchase the same, and that said Frank C. Huston had no title thereto, whereby the said promissory note and trust deed then and there were valueless and fraudulent, to the damage of the plaintiff of $5,000, and therefore she brings this suit."

It will be seen that the false representations as to the note and trust deed averred, that "defendant, well knowing that said promissory note and trust deed was fraudulent and of no value," is a sufficient averment of his knowledge that the representations to the contrary were false. The further averment "that said Frank C. Huston has no title * * * whereby the said promissory note and trust deed then and there

were valueless and fraudulent,'' is tantamount to an averment that such representations were fraudulent in fact. That the defendant in error was deceived and caused to purchase the note and trust deed is, by interpretation, an averment of the materiality of such representations and defendant in error's reliance upon them. The conclusion of the count, ''to the damage of plaintiff,'' satisfies the last requirement.

With all its involved inartificiality, we think the second count contained all necessary ingredients to support the judgment rendered by default, and that judgment will therefore be affirmed.

*Affirmed.*