Ida Oberreich, Appellee, v. Frank Foster, Appellant.

Gen. No. 14,508.

1. BANKRUPTCY—*what debt not affected by discharge.* A judgment rendered in an action of which fraud was the gist is not affected by a discharge in bankruptcy.

2. RES JUDICATA—*when question of fraud is.* The fact that a judgment was rendered in an action of which fraud was the gist is *res judicata* where it appears that upon the review of such judgment the Supreme Court held that one of the two counts of the declaration was insufficient and that the other of such counts was sufficient and contained "all of the essential elements of a cause of action in case for fraud and deceit."

Trespass on the case. Appeal from the Circuit Court of Cook county; the Hon. MERRITT W. PINCKNEY, Judge, presiding. Heard in this court at the March term, 1908. Affirmed. Opinion filed May 20, 1909.

POYNTON & POYNTON and LYMAN M. PAINE, for appellant.

JAMES G. ELSDON, CYRUS HEREN and N. A. STERN, for appellee.

MR. PRESIDING JUSTICE ADAMS delivered the opinion of the court.

Appellee brought suit against appellant July 12, 1902, and filed her declaration therein. The defendant was defaulted and the damages were assessed by a jury at the sum of $2,130, and February 23, 1905, the court rendered judgment for said sum. The defendant appealed to this court and the judgment was affirmed. Foster v. Oberreich, 130 Ill. App. 568. The defendant then appealed from this to the Supreme Court, which court affirmed the judgment of this court. Foster v. Oberreich, 230 Ill. 525.

The appellant filed his petition in the United States District Court for the Northern District of Illinois, in bankruptcy. November 24, 1904, he was adjudicated a bankrupt, and December 11, 1905, the United States

District Court, on appellant's petition, entered an order restraining appellee from proceeding to enforce and collect her judgment against appellant "until the further order of the court or until the discharge of said bankrupt be determined by this court". January 30, 1906, a final order was entered in the United States Court, ordering "that said Frank Foster be discharged from all debts and claims, which are made provable by said acts, against his estate, and which existed on the 29th day of November, 1904, on which day the petition for adjudication was filed by him, excepting such debts as are by law exempted from the operation of a discharge in bankruptcy". January 14, 1908, appellant filed in the Circuit Court of Cook county, by leave of the court, his petition setting up the foregoing facts, and also that appellee's claim was scheduled in the bankruptcy court. Appellee answered the petition, and the court, after hearing the evidence and argument of counsel, dismissed the petition.

The restraining order of the United States Court is limited, in terms, to the date of appellant's discharge. This is recognized by appellant, in petitioning the Circuit Court for a restraining order. The sole question between the parties is one of law, namely, whether appellee's claim against appellant is provable in bankruptcy.

Section 17 of the act of 1898, in regard to bankruptcy, provides that a discharge shall not release the bankrupt from certain debts, among which the following are mentioned: "Judgments in actions for fraud, or obtaining property by false pretenses or false representations, or for wilful and malicious injuries to the person or property of another". Fed. Stat's Annotated, p. 578, sec. 17, division 2.

In Foster v. Oberreich, 230 Ill. 526, the question before the court was whether the declaration was sufficient to suport the judgment. There were only two counts in the declaration. The court held the first count insufficient, and held the second sufficient, and,

after quoting the count, say: "This count of the declaration contains, in substance, all of the essential elements of a cause of action in case for fraud and deceit". It is therefore *res adjudicata,* as between the parties, that the judgment is for fraud and deceit, and, therefore, the discharge in bankruptcy did not operate to release appellant from it.

The judgment of the Circuit Court dismissing appellant's petition will be affirmed.