In re Petition of E. P. Floren, Insolvent Debtor.
E. P. Floren, Appellant, v. Olga Schaad, Appellee.

Gen. No. 33,011.

Heard in the second division of this court for the first district at the October term, 1928. Opinion filed February 14, 1929.

ADAMS & ADAMS, for appellant.

Smietanka, Rickard & Poulton, for appellee; John J. Poulton, of counsel.

Mr. Justice Barnes delivered the opinion of the court.

This is an appeal from a judgment of the county court remanding an insolvent debtor, E. P. Floren, to the custody of the sheriff. He was arrested on a *capias ad satisfaciendum* issued against his body on a judgment entered against him by default in an action of tort brought by appellee in the municipal court, and seeks his discharge claiming that malice was not the gist of the action.

The statement of claim on which the judgment in tort was rendered was quite lengthy but we need set forth only its substance to determine whether malice was the gist of the action.

The action is one of case for fraud and deceit and the statement of claim sets forth the essential elements thereof, namely, the false representations, the knowledge of the defendant that they were false, their falsity in fact, their materiality, plaintiff's reliance upon them and belief that they were true, and the consequent damage. (*Brown v. Lobdell, Farwell & Co.*, 50 Ill. App. 559.) The sufficiency of the statement of claim to sustain a judgment in such a cause of action is not questioned. The contention is that malice is not the gist of the action.

It is hardly necessary in view of the numerous decisions in our own State on this subject to discuss the various distinctions made in the use of the term "malice," or to state when it becomes the gist of the action. In the various cases in this State where the question raised was whether the tort originated in malice, or malice was the gist of the action, all of them since that of *Harpham v. Whitney*, 77 Ill. 32,—adopting the definition of malice given in *Mitchell v. Jenkins*,

5 B. & A. 594—have construed the term in such forms of action as meaning not in the sense of spite or hatred against the individual "but of *malus animus* and as denoting that the party is actuated by improper and indirect motives." Elaborating somewhat upon this definition in *First Nat. Bank of Flora v. Burkett*, 101 Ill. 391, the court said the term required the intentional perpetration of an injury or a wrong on another, and held that in that case there was an intentional wrong, little, if anything, short of a criminal act, and it was malicious in the statutory sense. The fraud there averred as the ground of action consisted of defendant's withdrawing money in the hands of a drawee after he had given a draft for the same upon which another had advanced him money. The court said that fraud was of the essence or foundation of said action, and in a statutory sense it was both wicked and malicious, and that the defendant was not entitled to discharge from arrest and imprisonment under section 2, chapter 72 in relation to insolvent debtors, Cahill's St. ch. 72, ¶ 5.

We need go no further for authority on this subject. Here as there the very essence and foundation of the action was fraud and deceit. It was through them appellant obtained money from appellee. The very nature and character of the action are such as to imply that the guilty party was actuated by improper and dishonest motives and intended perpetration of an injury or wrong. (*Jernberg v. Mix*, 199 Ill. 254.) It is difficult to perceive how the pleaded acts which gave rise to the cause of action would constitute a tort without such motives.

Upon the hearing the court had before it the record of the action in the municipal court showing the statement of claim, the default taken and the court's finding and judgment. The finding therein was that defendant was guilty in manner and form as charged in the state-

ment of claim. While the court also heard oral testimony of petitioner it concluded no evidence was admissible *dehors* the record. In that conclusion we concur. While the statement of claim is practically in the form of two counts they are both of the same nature, and if each implies malice as the gist of the action, evidence extrinsic to the record was not admissible on that question, it being determinable from the nature of the pleadings and the judgment thereon. In this respect the pleadings are easily distinguishable from those cases—mostly in trover—where because some of the counts on which the verdict rested did not necessarily imply malice, evidence extrinsic to the record was held admissible. The record of the municipal court, therefore, is *res adjudicata* of that question (*Jernberg v. Mix, supra*).

And it was not necessary to the determination of that question that either the statement of claim should expressly charge that the false representations were maliciously made or that there should have been an express finding of malice by the court. Malice was determinable from the very nature of the charge of which the defendant was found guilty.

The judgment order will be affirmed.

*Affirmed.*

GRIDLEY, P. J., and SCANLAN, J., concur.