## JAMES E. MORROW ET AL.
### v.
## JAMES LANGAN.

JOINT JUDGMENT—MUST BE JOINT CONVERSION.—The judgment in tort against all the defendants being wholly unsupported by evidence as to one or more, is erroneous.

APPEAL from the Circuit Court of Livingston county; the Hon. FRANKLIN BLADES, Judge, presiding. Opinion filed May 30, 1885.

Messrs. STRAWN & PATTON, for appellant; that it was error to render judgment against all of the defendants jointly, cited 1 Chitty on Pleading, 86; Nicoll v. Glenn, 1 M. & S. 588; Ragor v. Kendall, 70 Ill. 95; Jansen v. Varnum, 89 Ill. 100; McDonald v. Wilkie, 13 Ll. 22.

Mr. E. F. BULL and Mr. S. S. LAWRENCE, for appellee; cited German Nat. Bk. v. Meadowcroft, 95 Ill. 124; Sexton v. Abbott, 53 Iowa, 181; Nelson v. Brown, 53 Iowa, 555; Ledyard v. Hibbard, 58 Mich. 214.

PLEASANTS, P. J. Appellant Kent bought and shipped grain among other places at Nevada, in Livingston county,

where he had a warehouse and two cribs. John Riley was his agent in charge of the business there.

From the 3d to the 28th of January, 1883, appellee, by his tenants, delivered at one of these cribs 1,142.25 bushels of ear corn. During that time other parties also delivered corn of the same grade, which was put into the same crib, and the mass was shelled and shipped out about as fast as it was received.

On the 8th of February, after all the corn so delivered by appellee had been shipped out, he took a receipt of which the following is a copy: "Nevada, Il.., Feb. 8, 1883. Rec. of James Langan eleven hundred and forty-two bushels and twenty-five pounds of ear corn in my elevator. Rec. it as rejected, and I agree to pay him any time for any portion said Langan wishes to sell of it, highest price I am paying for such grade, and I also agree to keep it in my elevator for him ninety days free of storage—after that I will charge half cent per bushel per month for storage. L. E. Kent, per Riley."

On May 12, 1883, a *pluries fi. fa.* was issued on an old judgment of the circuit court for $4,785 in favor of the National Bank of Pontiac against Kent, which came into the hand of the sheriff in the afternoon of the same day.

On the next, which was Sunday, Riley informed appellee of Kent's embarrassment and advised him to get possession of the corn then in the crib.

Early in the morning of the 14th appellee put upon the crib a notice in writing that he claimed the corn therein. About an hour later appellant Morrow, without seeing this, put on a similar one and placed Riley and Kavanaugh in charge of the corn, for the bank of which he was president and for which he was then acting.

On the 16th the sheriff, by virtue of this writ, took the corn and afterward in due course sold it. Thereupon appellee, after tendering to Kent the amount due for storage and demanding the corn of Morrow, brought this suit against them and the bank, in trover for its conversion; and upon trial without a jury, the issue was found for plaintiff and his damages assessed at $215. Defendants' motion for a new trial,

Morrow v. Langan.

based on several grounds—among which was the want of evidence to establish their joint liability—was overruled and judgment entered upon the findings, from which they appealed.

The principal question argued here was whether Kent was a purchaser or a bailee of the corn delivered by Langan—appellants insisting that he was a purchaser upon the authority of Lonergan v. Stewart, 55 Ill. 44, Richardson v. Olmstead, 74 Id. 213, and Bailey v. Bensley, 87 Id. 556, while appellee claimed that he was only a bailee, and bound to return upon demand a like quantity of the same grade under the authority of the German National Bank v. Meadowcroft, 95 Id. 124. Its decision would turn upon the construction given to the receipt above copied in the light of the circumstances surrounding the transaction, but we do not decide it here because the judgment must be reversed for another reason and the evidence of these circumstances may be different upon another trial.

If the property in the corn levied on was in Kent when the writ came to the sheriff's hands, neither of the other defendants was liable in any form of action. He could not defeat the lien of the bank's execution by afterward putting appellee in possession, if he did, through Riley or otherwise, so put him in possession.

If the property was then in appellee, Morrow and the bank were liable only for the corn levied on, and for that only by reason of the levy and sale; for there was no other conversion of that corn. But for the levy and sale Kent was not liable in this action. As to him these proceedings were *in invitum*. In taking charge of the corn at Morrow's request for the bank before the levy, Riley was not the agent of Kent, but of Morrow or the bank. Kent's liability, if any, in tort, was for a previous conversion of other corn in which Morrow and the bank had no part. So in either case the judgment against all the defendants being wholly unsupported by evidence as to one or more, is erroneous. 1 Ch. Pl. 86; Ragor v. Kendall, 70 Ill. 95; Jansen v. Varnum, 89 Id. 100.

It is therefore reversed and cause remanded.

Reversed and remanded.