## Michael O'Donnell, Jr., Appellee, v. M. H. Kavanagh et al., Appellants.

1. PERSONAL INJURIES—*what essential to recover.* In an action for personal injuries it is necessary to aver and prove three elements to make out a cause of action: "(1) The existence of a duty on the part of the defendant to protect the plaintiff from the injury of which he complains; (2) a failure of the defendant to perform that duty; and (3) an injury to the plaintiff resulting from such failure."

2. PLEADING—*how averments should be made.* In an action on the case for personal injuries the averments of the elements essential to constitute a cause of action must be positive and consist in the setting forth of the facts from which the legal conclusions follow; a declaration which merely states legal conclusions is insufficient.

3. PLEADING—*when declaration in case insufficient.* A declaration in an action on the case for personal injuries alleging that the injury in question resulted from coming in contact with a telephone wire heavily charged with electricity is insufficient if it fails to allege facts which show (1) that the defendants possessed, owned, used, operated or maintained such wire, (2) that the wire contained any defects or that it was in any way negligently strung, badly insulated or improperly attached to the pole, and (3) that the defendant had actual or constructive notice of the defects or dangers.

4. APPEALS AND ERRORS—*effect of judgment erroneous as to one defendant.* A judgment in an action on the case for personal injuries is a unit and if reversed as to one defendant will be reversed as to all.

Action in case for personal injuries. Appeal from the Circuit Court Effingham county; the Hon. THOMAS M. JETT, Judge, presiding. Heard in this court at the March term, 1910. Reversed and remanded. Opinion filed November 12, 1910.

**Statement by the Court.** Appellee recovered a judgment against appellants in the sum of $1,200 for personal injuries received by him September 9, 1907, by coming into contact with a telephone wire heavily charged with electricity by reason of its falling and lying across the street and the electric wires of the Effingham Electric Light and Power Company. The declaration charges that for two years prior to, and on, September 9, 1907, Kinloch Long Distance Telephone Company owned, maintained and operated

lines for the transmission of telephone messages with poles and posts on which the wires and insulators of the said telephone lines were placed, standing on both sides of a portion of Banker street, a public street of the city of Effingham; that upon other poles and posts below and under said telephone lines were strung the wires of said electric light and power company and by which electricity for light and power was there and then conducted; that the said Kavanaghs were then and there and theretofore engaged in the business of transmitting telephone messages and were then using said lines of the Kinloch Long Distance Telephone Company; that thereupon it was the duty of said defendants not to suffer any wire strung to said telephone poles above said electric light wires to fall across said electric wires and sag down on the surface of said street; that each of said defendants did negligently suffer and permit a certain wire strung to the three poles of said Kinloch Long Distance Telephone Company, above said electric wires, on the west side of said street and south of Fayette avenue and across said Banker street to fall on said electric wires and across Banker street and so remain for thirty days; that on said date while walking southerly on Banker street with reasonable care plaintiff came in contact with said wire so down and heavily charged with electricity and was greatly shocked and burned, etc. The evidence discloses that the wire that burned plaintiff was an iron wire put up at the instance of one Frank McKeen, manager of the Wabash Valley Telephone Company, composed of private individuals, of M. H. and John E. Kavanagh from August 25, 1904, to May 2, 1905, and of said Kavanaghs and Olaus Tysdall from May 2, 1905, to June, 1906, at which last date all property of said Wabash Valley Telephone Company was sold and transferred to the Kavanagh Telephone Company, a corporation. Said wire was put up on the poles of the Kinloch Long Distance Telephone Company and without its consent; and was never owned,

O'Donnell v. Kavanagh, 158 Ill. App. 599.

used, controlled or maintained by it so far as appears from the evidence. Banker street extends north and south and is crossed by Fayette avenue at right angles and both are public streets of the city of Effingham. The iron wire in question ran from the office of the Wabash Valley Telephone Company along Banker street and from thence to a public schoolhouse in the city of Effingham and appears to have only been used for a few months. It was put up about the year 1904, by simply extending it from said office through the angles formed by the cross-arms and braces extending from the ends of the cross-arms and down and to the posts of the Kinloch Long Distance Telephone Company, the wire lying in the angle against the braces and posts, and extending on Banker street to the third post south of Fayette avenue, and thence crossing Banker street southeasterly, was tied to a stub post on the east side of the street, sometimes called by the witnesses, the stub post of the electric light company, and sometimes called the stub post of the long distance telephone company. The wire was "dead-ended" about one year before the injury to the appellee, by wrapping the wire around the post or brace at the south side of Fayette avenue. At the time of the injury to the appellee, as appears from the evidence, this wire did not extend from Fayette avenue north to the office aforesaid nor to the present office of the Kavanagh Telephone Company; and was not in use at all as a telephone wire by any one. The wire was blown down by a storm shortly before the accident, and was lying on the street and on the electric wires when appellee came in contact with it on his way home from school.

W. B. MANN and G. F. TAYLOR, for appellants.

ZIMMERMAN & RINEHART and WRIGHT BROS. & DENTON, for appellee.

MR. JUSTICE DUNCAN delivered the opinion of the court.

It is first insisted by appellants that the declaration does not state a cause of action. There is no averment in this declaration that any one or more of the defendants possessed, owned, used, operated or maintained the particular wire in question by contact with which the appellee was injured. There is no averment that the wire contained any particular defects, or that it was in any way negligently strung, badly insulated, or improperly attached to the poles by the defendants or any of them. There is no averment of actual or constructive notice to the defendants of any defects or dangers connected with this wire. In cases like this it is necessary to aver and prove three elements to make out a cause of action: "(1) The existence of a duty on the part of the defendant to protect the plaintiff from the injury of which he complains; (2) a failure of the defendant to perform that duty; and (3) an injury to the plaintiff resulting from such failure. When these three elements concur they unitedly constitute actionable negligence, and the absence of any one of these elements, either in the declaration or proof, renders the declaration insufficient to sustain a judgment for negligence, even after verdict or the proof to establish a cause of action involving actionable negligence; * * * and it is not sufficient in the declaration to allege that it is the duty of the defendant to do certain things, as that would be but the averment of a conclusion, but the declaration must state facts from which the law will raise the duty." McAndrews v. C., L. S. & E. Ry. Co., 222 Ill. 232, and cases there cited; Bahr v. National Safe Deposit Co., 234 Ill. 101.

The averment that it was "the duty of said defendants not to suffer any wire strung to said telephone poles above said electric wires to fall across said electric wires and sag down," etc., is but the statement of a

legal conclusion and the allegation is not traversable.
Besides such a conclusion is not warranted from the
facts previously averred, that the appellant telephone
company owned, maintained and operated lines, poles,
posts, wires, etc., for the transmission of messages,
and that the other two defendants were engaged in
using said lines in transmitting telephone messages.
It is not averred that the wire in question was so
owned, used or possessed; and for aught that appears
in the declaration it may have been put up by a total
stranger and trespasser. We cannot make out from
the evidence that the wire was in use at all at the time
of the accident, nor are we able to say from the evi-
dence whether it was the property of the Kavanaghs
and Tysdall as an old and abandoned wire, or whether
it was owned by the Kavanagh Telephone Company,
on September 9, 1907. The evidence does clearly show
that the appellant telephone company never did own
it at any time, or control it or use it; and gave the
Wabash Valley Telephone Company notice to remove
it from the Kinloch poles and that they promised, but
neglected, to do so. It therefore was in no way liable
to the appellee for his injury by said wire. Its struc-
tures were all good and safe, and having no control
over the iron wire, though on its poles, it was not liable
for injury thereby. Chicago Telephone Co. v. Hayes,
121 Ill. App. 313; Holmes v. Union T. & T. Co., 41
N. Y. Sup. 551, affirmed in 139 N. Y. 651.

The judgment therefore cannot stand against the
Kinloch Long Distance Telephone Company under the
evidence in any view of the case, and being erroneous
as to one of the appellants it must be held erroneous
as to all of them. Field v. French, 80 Ill. App. 78;
Morrow v. Langan, 16 Ill. App. 505. The declaration
is fatally defective for the want of averments of ulti-
mate facts showing the existence of a duty from the
defendants to the plaintiff and the failure of the de-
fendants to perform that duty. The evidence also fails

to support the allegations that are made in the declaration as to the use of this particular wire by the appellants at the time of the injury, if it could be construed into such an averment. The case was tried upon the theory that if the said wire had been on the posts of the Kinloch company and had fallen therefrom on to the electric wires and thereby became charged with electricity, and that appellee was burned by it, that then appellants were liable no matter who put it on the poles or who owned, maintained, controlled or used it, by reason of the fact simply that they owned the telephone line, and the other wires, poles, etc., or used them and had failed to look after this particular wire. The instructions are based upon the same erroneous theory, many of them; and, seemingly for that reason, the evidence fails to show clearly who owned or had control of this wire at the time of the injury, whether any use was being made of it by any one, or if abandoned and worthless and dangerous, whose duty it was to remove it. No advantage can be gained by further discussion of the instructions or of the evidence in the case in its present situation without further insight into the merits of the case.

For the errors above indicated the judgment of the lower court is reversed and the cause will be remanded for further proceedings.

*Reversed and remanded.*