THIRD DISTRICT—APRIL, 1912.        109

Hoxsey v. St. Louis & Springfield Ry. Co., 171 Ill. App. 109.

## John C. Hoxsey, Appellee, v. St. Louis & Springfield Railway Company, Appellant.

1. ELECTRICITY—*pleading*. A declaration in an action against one owning and operating an electric railway for negligence in allowing a broken telephone wire to come in contact with the trolley wire and to extend on plaintiff's land, where he came in contact with it and was burned, is demurrable where it fails to set forth how or when the telephone wire came in contact with the trolley wire, and does not aver that such contact was caused by negligence of the defendant, nor that it had any control over the accident, or that the contact had existed long enough to constitute constructive notice.

2. PLEADING—*construction*. Though a declaration must be construed most strongly against the pleader before verdict, the contrary rule is applied after verdict.

3. PLEADING—*sufficiency after verdict*. To be sufficient to sustain a judgment after verdict, a declaration must aver a duty on the part of the defendant to protect the plaintiff from the injury complained of, a failure to perform the duty and an injury because of the failure; and to show the duty, the facts must be declared from which the law raises a duty.

4. ELECTRICITY—*pleading*. A declaration is insufficient after verdict in an action against the owner of an electric railway for injuries received from coming in contact with a broken telephone wire which rested against the trolley wire, where such declaration fails to set forth when or how the wire came in contact with the trolley, or that the defendant was responsible for the contact, or that any knowledge of the contact existed before the accident, or that such contact continued for a sufficient time to give constructive notice thereof, and does not aver facts to charge the defendant with failure to perform any duty to the plaintiff.

5. INSTRUCTIONS—*reference to declaration*. An instruction which directs a verdict if the jury finds that the case as laid in the declaration is proved should not be given where the declaration does not contain all the averments necessary to entitle the plaintiff to recover.

Action in case for personal injuries. Appeal from the Circuit Court of Macoupin county; the Hon. JAMES A. CREIGHTON, Judge, presiding. Heard in this court at the November term, 1910. Reversed and remanded. Opinion filed April 11, 1912.

RIVAKER & RIVAKER, for appellant; GEORGE W. BURTON and GEORGE W. BLACK, of counsel.

EDWARD C. KNOTTS, for appellee; PEEBLES & PEEBLES, of counsel.

MR. PRESIDING JUSTICE PHILBRICK delivered the opinion of the court.

This is an action brought by plaintiff, appellee, against defendant to recover for injuries alleged to have been received by plaintiff by reason of coming in contact with a telephone wire which had fallen across a trolley wire owned by defendant, upon which a highly dangerous current of electricity was conducted in the operation of its electric cars. Plaintiff recovered a judgment against defendant for thirty-five hundred dollars, from which it prosecutes this appeal.

The declaration contains but one count which, after a general averment of the owning and operation by defendant of the electric railway, together with the trolley wire, avers:

"That on October 18, 1908, defendant carelessly and negligently suffered and permitted a certain other broken, loose and unfastened wire to be and remain upon and against its said trolley wire so charged with and carrying a great and dangerous voltage of electricity as aforesaid, which said broken, loose and unfastened wire extended from said trolley wire over and upon plaintiff's premises, and by reason of its being upon and against said trolley wire as aforesaid became and was then and there charged with a great and dangerous current of electricity which defendant well knew or by the exercise of due and proper care should have known, and on the day aforesaid, while passing over and upon his premises, in the exercise of due care and caution for his own safety, he then and there came to, upon and against said broken, loose and unfastened wire so charged with an electric current, whereby he then and there received and sustained a great and dangerous electric shock and was also then and there seriously and painfully burned, in consequence whereof he became sick, sore, etc."

The declaration contains no other averments concerning any acts performed or any acts failed to be performed on the part of the defendant.

Defendant did not demur to the declaration, but moved the court, at the close of plaintiff's evidence, and again at the close of all the evidence, to direct a verdict for the defendant, both of which were overruled.

Defendant urges a reversal of this judgment and insists that the court erred in its rulings on the admission and rejection of evidence, on giving and refusing instructions to the jury, that the damages are excessive, that the declaration does not state a cause of action and is insufficient to support a judgment after verdict.

From the conclusions at which this court has arrived we deem it necessary to determine but two questions raised by this appeal.

If a demurrer had been interposed to the declaration the trial court would have been compelled to sustain it for the reason that the declaration does not set forth, how or in what manner, or when the telephone wire fell across, or came in contact with the trolley wire, or aver that it did so by reason of any act of negligence on the part of the defendant; neither does it aver that the defendant had any control over the telephone wire, or was in any way responsible for its falling on, or coming in contact with the trolley wire, or that prior to the time of the accident it had any knowledge or information concerning the contact of these wires, or that the contact had existed a sufficient length of time that defendant could be held to have had constructive notice thereof, neither does it aver that defendant had notice that the telephone wires were strung above and across its trolley wire. But the declaration not having been demurred to, the question now raised is whether the verdict has cured any or all of these defects so that the declaration is sufficient to sustain a judgment after

112     Appellate Courts of Illinois.

Hoxsey v. St. Louis & Springfield Ry. Co., 171 Ill. App. 109.

verdict; if it is not so sufficient, then the judgment must be reversed.

While it is the rule that a declaration must be construed most strongly against the pleader before verdict, after verdict the contrary rule must be applied and the declaration held to be sufficient as to all intendments that can properly be given it from the averments made.

In McAndrews v. C., L. S. & E. Ry. Co., 222 Ill. 232, the rule is clearly stated that a declaration in order to be sufficient to sustain a judgment after verdict must aver (1) the existence of a duty on the part of defendant to protect plaintiff from the injury of which he complains, (2) the failure of defendant to perform that duty, (3) the injury to the plaintiff resulting from such failure; and that when these three elements concur they unitedly constitute a cause of action, but in the absence of any one of these elements, either in the declaration or the proof, the declaration will be insufficient to sustain a judgment, that it is not sufficient that the declaration allege a duty as a conclusion, but the declaration must state facts from which the law will raise the duty. This rule is also found in Devaney v. Otis Elevator Co., 251 Ill. 28; Mackey v. Northern Milling Co., 210 Ill. 115; in Ayers v. City of Chicago, 111 Ill. 406; in Schueler v. Mueller, 193 Ill. 402; and in O'Donnell v. Kavanagh, 158 Ill. App. 599.

The declaration in this case merely avers that defendant owned an electric railway, a trolley wire through which a current of electricity for the operation of its cars was carried, together with the fact that a telephone wire belonging to the Girard Telephone Company came in contact therewith, and that by reason thereof the current of electricity was conducted to the telephone wire and that plaintiff came in contact with the telephone wire whereby he received an injury; it does not allege how or in what manner or when the telephone wire came in contact with the trolley wire,

or that the contact was occasioned by reason of any negligent act on the part of the defendant, or that defendant had any control over the telephone wire or was in any way responsible for its contact with the trolley wire, or that it knew or had any knowledge of the existence of the telephone wire above the trolley wire, or that prior to the accident it had any knowledge or information concerning the contact of these wires, or that the contact had existed a sufficient length of time that defendant could be held to have had constructive notice thereof; neither does it aver any facts whereby it is sought to charge defendant with a failure to perform any duty owed to the plaintiff, or with doing any act which it was not lawfully permitted to do.

This declaration does not aver any facts from which the law will raise a duty owed from defendant to the plaintiff, or any neglect by defendant to perform any duty owed by it to the plaintiff, nor is there any proof in the record that will supply or cure the omission to make the necessary averments in the declaration, and it clearly falls within the rule stated in the above cases and is, therefore, insufficient to sustain a judgment even after verdict.

The court should have allowed defendant's motion and directed a verdict for defendant.

Defendant also insists that the court erred in giving to the jury the following instruction on behalf of the plaintiff:

"The court instructs the jury that if you believe from a preponderance of the evidence that plaintiff has proven his case as laid in the declaration, then he is entitled to recover, and in such case you should find the defendant guilty."

This instruction directs a verdict for the plaintiff if the jury finds that plaintiff has proven his case as laid in the declaration, and refers the jury to the declaration to determine what was necessary to be proven by

plaintiff. Where an instruction directs a verdict and refers the jury to the declaration, as is done by this instruction, to determine the proof necessary to be made by plaintiff, it is necessary that the declaration shall contain all of the averments necessary to entitle plaintiff to recover. By reason of the omission of the declaration to set forth the necessary averments as hereinbefore stated, this instruction is clearly bad and should not have been given to the jury.

For the reasons herein indicated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*